City of Henderson v. Lambert.

CASE 35—PETITION EQUITY—MARCH 12.

# City of Henderson v. Lambert.

### APPEAL FROM HENDERSON CIRCUIT COURT.

FARMING LANDS IN THE CITY OF HENDERSON EXEMPTED FROM TAXATION by the city council for city purposes are also exempt from taxation for the payment of subscriptions of stock to the Evansville, Henderson & Nashville Railroad Company.

But such exempted farming-lands are subject to taxation for school purposes under the provisions of the act of March 15, 1869.

The act of February 11, 1867, extending the corporate limits of the city of Henderson, expressly exempting one hundred and two acres of farming-land belonging to L. from city taxation, and the act of March 9, 1867, authorizing taxation for the payment of subscriptions of stock in the Evansville, Henderson & Nashville Railroad Company, were passed at the same session of the legislature, and in so far as they directly relate to the same subject—*i. e.*, of taxation in the city of Henderson—they must be construed as one entire act; and to make a latter provision repeal a former there must be an express declaration of that intention, or an absolute inconsistency between them.   (Peyton v. Moseley, 3 Monroe, 80.)

A. J. & D. JAMES, . . . . . . . . . For Appellant,

CITED

Constitution of the United States, article 5.
Constitution of Kentucky, sec. 10, 12, art. —.
1 Session Acts, 1867, page 219.
2 Session Acts, 1867, page 553.
2 Session Acts, 1869, page 346.
6 B. Monroe, 330, Cheany v. Hooser.
9 B. Monroe, 528, Talbott v. Dent.
1 Bush, 552, Ferguson v. Landrum.
2 Bush, 271, Arbegust v. City of Louisville.
2 Metcalfe, 553, Maltus v. Shields.
17 B. Monroe, 228, Sharp's ex'r v. Doniphan.
15 B. Monroe, 491, City of Covington v. Southgate.

VANCE & MERRITT, . . . . . . . . . For Appellee,

CITED

Constitution of the United States, article 5.
Constitution of Kentucky, sections 10, 12, art. —.
1 Session Acts, 1867, page 219.
2 Session Acts, 1867, page 553.
2 Session Acts, 1869, page 346.
6 B. Monroe, 330, Cheany v. Hooser.
1 Kent's Commentaries, 485, 486.
2 Met. 350, Cypress Pond Draining Co. v. Hooser, &c.
1 Bush, 272, Arbegust v. City of Louisville.
9 B. Monroe, 528, Talbott v. Dent.
1 Greenleaf, section 493.
2 Smith's Leading Cases, 710, 743, 751, 767, Doe v. Oliver.
7 Casey, 331, Hill v. Eply.
4 Dana, 255, Hanson v. Buckner's devisees.
1 Bush, 552, Ferguson v. Landrum.
18 B. Monroe, 228, Sharp's ex'r v. Doniphan.
15 B. Monroe, 491, City of Covington v. Southgate.
11 Howard, 297, Van Rensallier v. Kearney.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The act of February 11, 1867, extending the corporate limits of the city of Henderson, expressly exempts the one hundred and two acres of farming-land owned by the appellee from assessment and taxation by the city council. This exemption was a direct recognition by the General Assembly that this land could not be taxed for city purposes without a manifest disregard of the rights of the proprietor.

The act of March 9, 1867, authorizing certain counties, cities, and towns to aid in building the Evansville, Henderson & Nashville Railroad, provided that for the purpose of paying such subscriptions as might be made for that end the mayor and council of any such city should be authorized to levy a tax upon the tax-payers thereof, taxable under the revenue laws of the state, a sum sufficient to pay the interest on its bonds and the cost of the collection of the tax.

In the case of Barrett & Co. v. The City of Henderson

this power was held to include the entire subject of taxation in said city, "embracing the persons, the property, and the manner of assessment, and to adopt in relation to all of these the revenue rule of the state." In that case, however, the right to tax lands specially exempted from taxation for city purposes was not involved. Hence the rule of construction quoted is not conclusive as to the law of this case.

The act exempting the farming-lands of Lambert from city taxation, and that authorizing taxation for the payment of subscriptions of stock to the Evansville, Henderson & Nashville Railroad Company, were passed at the same session of the legislature, and in so far as they directly relate to the same subject—i. e., of taxation in the city of Henderson—they must be construed as one entire act; and to make a latter provision repeal a former there must be an express declaration of that intention, or an absolute inconsistency between them. (Peyton v. Mosely, 3 Monroe, 80.)

The last act here makes no mention of and in no way, directly or remotely, refers to the exemption from taxation of farming-lands situated within the recently extended boundaries of the city of Henderson, and unless the term "tax-payers," as used in such act, be given a signification sufficiently comprehensive to embrace not only the persons residing in the city, but all their property having an actual or legal *situs* within its limits, and subject to taxation under the revenue laws of the state, even though it may be exempt from city taxation by positive enactment, it is not perceived how this act can be so construed as to repeal the former. As both of these acts can be enforced without doing violence to the language of either, we feel that the courts would not be justified in holding that the legislature indirectly did that which it evidently doubted its constitutional power to do directly.

The circuit judge correctly determined that the farming-lands of appellant could not be taxed for railroad purposes.

VOL. VIII.—40

The right of the city council to tax such lands for school purposes rests upon a different footing. This can scarcely be deemed a city or municipal tax. The first section of the act of March 15, 1869, provides "that all the territory now embraced within the limits of the city of Henderson shall be and is hereby incorporated as a school district, which shall be under the control and management of a board of trustees appointed by the mayor and common council of said city, as hereinafter directed."

For the purpose of erecting school-houses, and paying all expenses of public schools, the common council was empowered by the 15th section of the act to "cause an annual tax to be levied and collected upon the same property in the said city as is taxed by the state for common-school purposes." The scope and effect of this act is to convert the city of Henderson into a common-school district, and to apply to the inhabitants and property within the limits of that district a local school law.

The contemplated tax is to be assessed against the property situated within the limits of the school district; and because these limits happen to be the same with those of the city of Henderson, it does not follow that persons or property exempt from city taxation will also be exempt from taxation for school purposes. The tax is levied and collected by the municipal authorities because they are *ex officio* common-school officers for this particular district. The tax itself is a special common-school tax, and not a municipal assessment in any sense.

The injunction should have been made perpetual as to the tax sought to be levied and collected for the payment of the interest on the bonds issued by the city in discharge of the subscriptions to the capital stock of the Evansville, Henderson & Nashville Railroad Company, but should have been dissolved as to the special common-school tax.

The judgment is reversed, and the cause is remanded with instructions to enter a judgment in accordance with the conclusions expressed in this opinion.