Bamberger, Bloom & Co. v. The City of Louisville.

CASE 56—TAXATION—OCTOBER 11, 1884.

| | |
|---|---|
| 82 | 337 |
| f134 | 494 |

# Bamberger, Bloom & Co. v. The City of Louisville.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

Appellants are merchants in Louisville and pay a license tax upon their merchandise.

1. *Held*—Under the act of eighth of April, 1880, constituting the city of Louisville into a school district, in aid of common schools, etc., appellants are liable to further taxation.

2. And under the act of thirtieth of March, 1880, with reference to the charter of certain railroad companies and the subscriptions made thereto by the city of Louisvi le, appellants must contribute their proportion of taxes.

3. But they are not bound for additional taxation for the reconstruction of the streets and alleys of the city.

BROWN & DAVIE FOR APPELLANTS.

1. The license tax now in existence in the city of Louisville, is imposed under the provisions of section 96, of the city charter of 1870. (Lucas' Charter and Ordinances, page 44.)

2. It is the settled policy in Louisville that a tax on merchandise shall be in the form of a license tax only.

3. The error of the court below is upon the notion that the special acts in regard to the school board, the two railroad debts of the city, and the reconstruction of ways, were special laws, and, therefore, not to be treated as impliedly repealed by the general assessment law of 1882. (Cooley on Taxation, 165; Ordinance of 1882; Lucas' Charter and Ordinances, April 25, 1881.)

RANDOLPH H. BLAIR FOR APPELLEE.

1. Acts subjecting property to the payment of a special tax are not repealed by an act exempting the same property from the payment of municipal tax. (12 Bush, 422, Courtney v. Louisville; 8 Bush, 610, City of Henderson v. Lambert; 5 Bush, 225.)

2. The act of April 8, 1882, is for the purpose of regulating the assessments, and re-assessments for municipal purposes, and does not take from the council its implied power to make assessments under acts of the Legislature, commanding the levy and collection of special taxes for purposes not municipal. (Acts of 1881–82, page 838; Charter Amendments, City of Louisville, 1881, pages 108, 23; Charter and Ordinances, City of Louisville, Lucas, section 60, section 80, page

Vol. lxxxii.–22

Bamberger, Bloom & Co. v. The City of Louisville.

56; Acts, 1879 volume 1. page 660; Public School Laws, City of Louisville page 84, section 174, Acts of 1879, volume 2, page 274; 4 Bush, 255, Barret v. Henderson.)

3. Exemptions must be strictly construed. (Cooley on Tax., page 146.)

4. To require the merchant to pay license for the privilege of doing business, and taxing his merchandise, is not double taxation. (Cooley on Tax., 386; Charter and Ordinances, Lucas, section 96, page 240.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The question presented in this case arises from an agreed state of facts, and on the hearing below the judgment was adverse to the appellants, and from which they appeal.

The appellants, Bamberger, Bloom & Co., are wholesale merchants in the city of Louisville, doing a large and extensive business in the sale of dry goods, and having paid a license, or what is denominated a license tax, as required by the city, they claim that they are not liable to pay any tax on their merchandise other than this license tax. They claim this exemption by reason of a legislative enactment, approved the eighth of April, 1882; that act is entitled "An act to amend the charter of the city of Louisville," the object of its provisions being to determine the kinds of property to be assessed and to regulate the mode of its assessment for the municipal wants of that city. The second section of that act fixes the time at which the property is to be assessed, and the kind of property to be listed, embracing all property liable to taxation under the revenue laws of the State, with this proviso, first: "That merchandise on which a license tax is charged and paid shall not be liable to be assessed under the provisions of this act."

Under an act of the Legislature passed on the eighth of April, 1880, the city of Louisville was constituted a

school district, section 1 of the act providing as follows: "The city of Louisville is hereby constituted a school district, which shall be under the management and control of the board of trustees, etc., of the city of Louisville, and all the property therein, both real, personal and mixed, including money, choses in action, except such things as are exempt from taxation by the laws of the United States and Kentucky, shall be assessed and taxed for school purposes in said district: *Provided*, That such assessments shall only be made on personal estate, money and choses in action, so far as the same shall be in excess of the owner's debts, etc."

By an act passed on the thirtieth of March, 1880, with reference to the charter of certain railroads and the subscription made thereto by the city, it was enacted "that the general council of said city shall, for the purpose of providing for the payment of the principal and interest of the bonds issued by said city for the payment of the Elizabethtown and Paducah Railroad Company, and the bonds issued to the Louisville, New Albany and St. Louis Air-line Railroad Company, continue to levy annually and cause to be collected a tax of thirty cents on property subject to taxation under the revenue laws of the State of Kentucky, and said levy shall continue to be made so long as it may be necessary to pay the principal and interest of said bonds."

Neither the act of April 8, 1882, nor the repealing clause of that enactment can be regarded as conflicting with these special enactments or inconsistent with the right to coerce payment in the way of taxes for school

and railroad purposes. When adopting the act of 1882 it was never contemplated by the law-making power, or those in charge of the city government, that they were affecting the special taxation for school purposes, or relieving that portion of its population known as merchants from assuming their proportion of the burden assumed by the corporation for the construction of railways leading to and from the city. That act was to regulate and fix the mode of assessing city property for municipal purposes, and had no reference to the common school system or to taxation imposed by reason of railroad charters to aid in the construction of such roads. The act of April 8, 1880, was but creating a common school district out of the city of Louisville, and in such a case it was held, in Courtney v. The City of Louisville, 12 Bush, that while property, by reason of its peculiar location, was not liable to taxation for strictly municipal purposes, the Legislature might constitute the city into a school district and levy a tax on all the property within its limits regardless of the benefits to be derived from the city government.

This the Legislature has done in express language by the act of the eighth of April, 1880, and we see no reason for making this special enactment fail by reason of the act of April 8, 1882.

In the case of the city of Henderson v. Lambert, reported in 8 Bush, the act of incorporation made certain realty of Lambert exempt from taxation, and while this exemption existed the corporate boundary was made a school district and taxes levied for common school purposes by the city council. It was held that the tax being a special common school tax and not a

municipal assessment, the property was liable to taxation for school purposes.

So in this case, when legislating with reference to taxation for strictly municipal purposes, it was not intended to effect special enactments with reference to the common or public schools, and to hold otherwise, would not only amount to a repeal by implication of this special law, but relieve the appellant from a burden that he should, as a matter of right and justice, contribute to discharge.

The same reason applies to the tax imposed in aid of railroads by virtue of the charters under which these roads are constructed. These provisions of the railroad charter are sought to be repealed by implication when forming no part of the city charter or necessary to the existence of the city government. It is true the city will have to levy a tax to pay its subscription to these roads, but this is not within the range of taxation required or essential to the existence of the corporation, and can not, therefore, be said to be a tax for a strictly municipal purpose, such as is contemplated by the act of the eighth of April, 1882.

This court, in Courtney v. The City, said: "Taxes to meet railroad subscriptions are not levied under the authority of the charter of the city, but under the authority given in the charters of railroad companies, and while one's property may be so situated with reference to the population of the city, as not to be taxable for strictly municipal purposes, we perceive no reason why it may not authorize property within the corporate limits to be taxed for railroad purposes."

A special enactment, applicable to a particular local-

ity or for a special purpose, may be in conflict with a general law, and still enforced in the absence of its repeal, either in express terms or by necessary implication. (Commonwealth v. Weller, 14 Bush.)

We perceive no reason for exempting the appellant from the payment of the school tax, and the tax in aid of the railroads, and to that extent the judgment must be affirmed.

Having concurred with the court below, in many of the reasons argued for affirming this much of the judgment, we are not disposed to hold that the appellant is liable to be taxed for the reconstruction of the streets and ways of the city.

The liability for the school and railroad tax is based principally on the idea that the act of April, 1882, regulating assessments of property within the city for municipal purposes, did not take from the council the power to cause assessments to be made under special enactments for purposes not strictly municipal. When brought to consider the enactment, in regard to the reconstruction of the streets and ways of the city, the purpose is purely municipal, and the act of April 8, 1882, must exempt merchandise from this character of taxation, unless the mandatory clause of the enactment controls the effect to be given that act.

"The general council *shall* annually assess the property subject to taxation under the revenue laws of the State, not exceeding thirty cents." This is for the reconstruction of streets and public ways.

It must be conceded that this is but an amendment to the charter of the city conferring upon the council the power to impose a tax for a purely municipal use.

It is discretionary whether they will impose such a tax or not, although the language is imperative. The tax may not be required, or the council may decline to make the improvements ; but, if mandatory in its provisions, it is not more so than any other power conferred on the city legislature for raising revenue to pay the expenses of the city government. Besides, with this amendment to the charter, the act of April 8, 1882, subsequently enacted, provides "that merchandise on which a license tax is charged and paid shall not be liable to be assessed under the provisions of this act ;" that is, the license when paid on merchandise is deemed by the Legislature as its fair proportion of the burden necessary to be raised for municipal purposes.

The Legislature in that act is providing not only the mode of assessment, but the kind of property to be assessed, and with this provision in regard to the reconstruction of streets and public ways before it, and then a part of the law of the municipal government, it provides by the act of 1882 that no assessment of merchandise shall be made—in effect saying that it shall not be taxed if the owner has paid the license tax. If this construction is not given the provision in question, it necessarily follows that there is no exemption, and that all the taxes imposed for a municipal purpose must be paid by *merchandise* in addition to the license. In this regard we think the court below erred.

The judgment is, therefore, reversed to the extent that it imposes this burden on the merchandise of the city when the regular license tax has been paid. Cause remanded for proceedings consistent with this opinion.