CASE 72—ACTION BY THE LOUISVILLE SCHOOL BOARD AGAINST THE CITY OF LOUISVILLE TO RECOVER A SHARE OF THE INTEREST COL-LECTED BY THE CITY ON DELINQUENT TAXES.

# City of Louisville v. Louisville School Board.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION NO. 1—
SHACKELFORD MILLER, JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

MUNICIPAL CORPORATIONS—REVENUE—DIVISION AMONG CITY DEPART-MENTS—INTEREST ON DELINQUENT TAXES—STATUTES—PRACTICAL CONSTRUCTION.

1. Kentucky Statutes 1903, section 2981, provides for the division of the levy ordinance for each year among the schools, sink-ing fund, police, and various other departments of the city government. Section 2998 provides for interest at the rate of 1½ per cent. per month on delinquent tax bills. Section 3001 provides for a penalty in certain cases, and section 3004 provides that the penalty shall go to the tax receiver, for the benefit of the city. This last section was enacted in lieu of City Code, section 779, which provided that the penalty, then called a "commission," should go to the tax receiver. Subse-quently the receiver's office was put on a salary basis, and hence the change. HELD, that school districts and the other various departments of the city government have no right to any part of the interest arising from tax delinquency.
2. The contemporaneous construction of legislation covering a long period of time by those charged with its enforcement is highly persuasive of the correctness of that interpretation, especially where the Legislature readopts the act without change after the construction has been given.

H. L. STONE, CITY ATTORNEY, FOR APPELLANT.

The "one-half of one per cent. for every month or fraction of a month" provided for by section 2998, Kentucky Statutes, on the amount of tax bills due the city of Louisville after the first day of May succeeding the date they are listed with the tax receiver for collection is not "interest," although so called, but a penalty for non-payment, which is imposed by the General Assembly, and constitutes no part of the tax itself, which, un-

City of Louisville v. Louisville School Board.

der section 181 of the Constitution, can be imposed only by the local authorities of the city, nor should such penalty, when collected, be apportioned among the several departments and institutions of the city, including the school board, according to the levies made therefor, but the same belongs to the city proper, and is properly placed to the credit of the fund for general purposes, subject to the appropriation by the general council.

## AUTHORITIES CITED.

Secs. 2969, 2998, 3004-6, Ky. Stat.; Kentucky Central Railroad Co. v. Pendleton County, 8 R., 517; Ormsby v. City of Louisville, 79 Ky., 202; L. & N. R. R. Co. v. Hopkins Co., 87 Ky., 615; L. & N. R. R. Co. v. Commonwealth, for the use of Marion County, 89 Ky., 539; Walston, Trustee, v. City of Louisville, 23 R., 1852; Owensboro Water Works Co. v. City of Owensboro, 25 R., 434; Cooley on Taxation, 2d ed., pp. 17, 456, 2d ed., pp. 457, 458; City of Louisville v. Louisville Railway Co., 23 R., 390; Desty on Taxation, sec. 130, vol. 2, pp. 763-767; Union Ins. Co. v. Hoge, 21 How., 85; Matthews v. Shores, 24 Ill., 27; Solomon v. Commissioners, &c., 41 Ga., 157; Plummer v. Plummer, 37 Miss., 185; United States v. Pugh, 99 U. S., 269; Clark's Run & Salt River Turnpike Road Co. v. Com., 96 Ky., 525; Harrison v. Com., 83 Ky., 170.

RANDOLPH H. BLAIN, FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. Interest on tax bills, distinguished from penalties, and not appropriated for the benefit of city. Ky. Stat., secs. 2998, 2981, 2999, 3001, 3003, 3004, 3005, 3006. Taxes, except by statute, not a debt, and do not bear interest. Jones v. Gibson, 82 Ky., 561; 27 A. & E. Ency. of Law (2d ed.), 577; Cooley on Tax., 13; Cent. R. R. v. Pendleton Co., 8 R., 517.

2. Interest on tax bills, not appropriated by statute, apportioned. Board Hancock Co. v. State, 119 Ind., 473 (22 N. E., 10); State v. Huffaker, 11 Nev., 300; State v. Bowker, 4 Kan., 116; Kansas Ry. Co. v. Amrine, 10 Kan., 318; People v. Reis, 76 Cal., 272 (18 P., 309); Board of Prowers Co. v. People, 69 P., 73 (Col.); City of New Whatcom v. Roderer, 61 F., 657 (Wash., 1900); Board of Co. Comm'rs v. Wichita, 64 P., 621 (Kan.); Tacoma School Dist. v. Hedges, 42 P., 522 (Wash.).

3. Interest on taxes for educational purposes is a sum raised by taxation within the Constitution, and can not be diverted

by a statute of limitation or laches. (1) Money produced by taxation for educational purposes can not be appropriated to any other purpose under Constitution. Constitution 1850, art. 11, Ky. Stat. p. 80; Constitution 1891, secs. 180, 184, 186. (2) Legislature has no power to divert school fund. Halbert v. Sparks, 9 B., 259; Collins v. Henderson, 11 B., 74; Auditor v. Holland, 14 B., 147; Underwood v. Wood, 93 Ky., 77; City v. Leatherman, 99 Ky., 213; Board v. Board of Trustees, 24 R., 102; Auditor v. Trustees Frankfort, 81 Ky., 681. (3) Any part of school fund diverted must be returned. City v. Louisville School Board, 17 R., 697; City of Cynthiana v. Board, 21 R., 731; Board of Library v. Board of Education, 25 R., 341. (4) Interest attaches to principal debt from which it accrues. Rate of tax for city schools, Chart. 1870, sec. 80, Chart. and Ord. 1869-72; Acts 1879, vol. 1, p. 556; Ky. Stat., secs. 2969-2981; Bien. Comp. Ord. 1901, pp. 391-423; State v. Bowker, 4 Kan., 114; Kansas v. Amrine, 10 Kan., 325; 27 A. & E. Ency of Law (2d ed.), 778-9; Burlington v. Burlington, 41 Iowa, 142. (5) Diversion of school fund by statute of limitations or laches nullifies the Constitution. Ky. Stat., secs. 2515-43; Const., secs. 180-184. Laches. (a) Agent or trustee can not set up adverse title. Perry on Tr., sec. 863. (b) Adverse title must be hostile. Perry on Tr., sec. 866; City v. Louisville School Board, 17 R., 697. (c) Can not make profit out of trust estate. Perry on Tr., 427-8, 468, 869; Mechem on Agency, sec. 467. (6) One department of government can not plead limitation against another. Board v. Auditor, 80 Ky., 336.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

This action was instituted by the appellee, the Louisville school board, against the city of Louisville, to recover what it claims to be its share of the interest collected by the city on delinquent taxes. Section 2981 of the Kentucky Statutes of 1903 requires that the levy ordinance for each year shall be subdivided as follows: "A levy for schools, a levy for the sinking fund, a levy for police purposes, a levy for the fire department, a levy for street and sewer cleaning, a levy for sprinkling streets, a levy for reconstructing streets, a levy for street repairs, a levy for construction and repairs of sewers, a levy for the house of reform, a levy for charitable

institutions, a levy for parks, a levy for library purposes, and a levy for general purposes and a deficit tax. The general council shall cause the foregoing levies to be made for the purpose stated by an ordinance fixing the tax rate each year." Section 2998, Kentucky Statutes, 1903, is as follows: "All tax bills uncollected in whole or in part, and which remain in the hands of the tax receiver on the first day of May succeeding the date on which they were listed with him for collection, against any person (not under the disability of infancy, coverture or of unsound mind) owning property in his own right, together with interest at the rate of one-half of 1 per cent. for every month or fraction of a month from date, shall be deemed a debt from such person to said city, arising as by contract, and may be enforced as such by all remedies given for the recovery of debt in any court of the Commonwealth otherwise competent for that purpose, and those bills assessed against an administrator, executor or trustee shall be a charge against the whole succession of trust estates, and may be enforced accordingly, aside, in either case, from the other remedies hereinafter given. The above rate of interest shall prevail until the tax bills are merged in a judgment." Section 3001 provides that where the amount of the warrant for the delinquent tax is more than $300, a penalty shall be imposed of 5 per cent. on the first $300, and 1 per cent. on the residue, and section 3004: "The penalty provided for herein shall go to the tax receiver for the benefit of the city." The contention of the school board is that the interest is a part of the tax, and, when collected by the city, the same proportion should be paid to appellee as is due of the principal. On the part of the city it is insisted that the interest is not a part of the tax, and that, under the provisions of the levy ordinance, it is only required

to pay over to each department of the government, for whose
benefit the annual levy is subdivided, its proportionate part
of the principal of each tax bill collected; and it is pointed
out that the city is put to great expense in collecting delin-
quent taxes, no part of which is borne by the various depart-
ments of government which are beneficiaries of the levy; that
it is more than probable that the expense of collection equals
the interest received; that all of this expense necessarily falls
upon the general fund, and therefore it is but just that the
interest and penalty should be passed by that fund to cover
the expense of collection.

The city and its various departments of government are
not presumed to deal with each other at arm's length, as
debtor and creditor. Whatever they need for their annual
support, it gives, varying the per cent. of the levy coming to
each in accordance with its necessity.

On the part of the school board, great weight is given the
provision of section 3004, that "the penalty provided for
herein shall go to the tax receiver for the benefit of the city."
This, it is said, indicates that the interest is to follow the
principal; the affirmative provision that the penalty should
go to the city negativing the idea that the interest also is
to go to it. And on the surface of the statute there is some
force in this contention; but it is overlooked that in the orig-
inal tax law of the city of Louisville, enacted in 1884, which
was substantially the same as the tax law now provided for
cities of the first class, that which is now called a "penalty"
was then called a "commission," and went to the tax receiver
for his own benefit. The original act on the subject in hand is
as follows: "Where the warrant calls for more than three
hundred dollars, it shall allow five per cent. commission on
the first three hundred dollars, and only one per cent. on the
residue. . . . For issuing each warrant he [the clerk]

shall be paid ten cents by the city and the commission pro-
vided for shall, when collected, go to the receiver of city
taxes." City Code, section 779. It will be observed that this
is the language of the present law, except that "penalty"
takes the place of "commission," and the city, instead of the
officer, receives the money. Afterward the law as to the re-
muneration of the receiver of taxes was changed, he being
placed upon a salary; and then, that there might be no doubt
on the subject as to who should receive the penalty, as be-
tween the city and the officer, the name of the city, as re-
cipient, was substituted for that of the officer. But then, as
now, the interest of one-half of 1 per cent. for every month,
or fraction thereof, was claimed and kept by the city. The
specific enactment that the city is to get the penalty was not
placed in the law to draw a distinction between its right
thereto and its right to the interest, but was for the purpose
of showing who is entitled to the penalty, as between the
officer collecting the money, and the city for whom he acts.

It is further pointed out by the school board that the stat-
ute changes the old rule that taxes do not bear interest, and
that, by section 2998, uncollected tax bills shall be deemed
a debt, and bear interest at the rate of one-half of 1 per
cent. for each month and fraction thereof. But this statute
only accentuates the weakness of appellee's contention. The
provision is that all delinquent tax bills "shall be deemed a
debt from such persons [the taxpayers] to said city. . . ."
It will be observed that this language does not import that
it is a debt due in part to the various departments of the
municipal government for which the tax levy is made, but it
is deemed a debt due to the city, and naturally the interest
on the debt goes to the creditor. The law provides that the
various named subdivisions of the municipal government
shall receive their proportionate part of the tax bill after it

is collected, but there is no provision which, in terms, imports that they shall receive any part of the interest accruing on delinquent taxes. Each must receive that which the statute gives it, but they have no right to any part of the interest arising from the delinquency, in the absence of an express provision of the law governing the matter.

Strictly speaking, the appellee is not a department of the municipal government, but is an independent corporation, having in charge the education of the youth of the city of Louisville, and that city is one of the school districts of the State; but, in dividing the tax levy, it is classed along with the departments of the municipal government, and no substantial difference can be pointed out between its right to the interest in question, and that of the board of park commissioners, the commissioners of charity, or the trustees of the public library.

We are of opinion that, on the face of the statute, the claim of the school board is without foundation; but, if we were less certain of the soundness of this conclusion, we would be controlled by the long and uniform construction given the law by all the departments of the municipal government having the matter in charge. As said before, the fiscal law of cities of the first class, as it is now contained in the statute, was enacted in 1884. From that time until this, without question or doubt as to its correctness, all of the interest arising on delinquent tax bills has been retained by the city, and passed to its general fund, while that part of the principal due appellee has been paid over to it as by law required. The learned lawyer who drew the original act was elected assistant city attorney for the purpose of properly enforcing it. The learned counsel who now represents the school board then represented it, and neither he nor the draftsman of the act ever had any doubt of the correctness of the original in-

terpretation of the law on the question at bar. With this interpretation before them, the General Assembly re-enacted the act of 1884 in the charter of cities of the first class; thus adopting the original language with regard to the. interest on delinquent taxes, with the practical construction given to it by the officers having its enforcement in charge. The contemporaneous construction of legislation covering a long period of time by those charged with its enforcement is highly persuasive of the correctness of that interpretation. Especially is this true when, as above stated, that interpretation has received the seal of approval from the Legislature by the readoption of the act without change, after the construction has been given. Fuqua v. The Auditor, 119 Ky., —, 27 R., 46, 84 S. W., 325 (opinion delivered January 10, 1905) ; Auditor v. Cain, 61 S. W., 1016, 22 Ky. Law Rep., 1888; City of Louisville v. Louisville Water Co., 105 Ky., 754, 20 R., 1529, 49 S. W., 766.

The case at bar fully illustrates the necessity of the court's giving great weight to the contemporaneous construction of such statutes as that under discussion. For a long period of years the city has acted upon this construction, the council has made the various levies for the consecutive years since 1884 based upon its correctness, and the money that it would produce for the support of the several departments of the city government. Each year they have decreased the amount of the levy for the general expense fund, for the reason that it receives accretions from the interest on delinquent taxes. All of the annual fiscal budgets for many years past have been based upon this construction, and now, after the lapse of this long period of time, we are asked to go back and uproot all that has been done in this matter and to affirm a judgment against the city in favor of appellee for the aggregate sum of $28,450.38—that being the amount of the interest

due to appellee, on its construction of the law, for the period of five years next before the institution of this action; its claim beyond that time being barred by the statute of limitation. We are unable to adopt this view of the statute, and, for the reasons given, the judgment is reversed, with directions to dismiss the petition.

Petition for rehearing by appellee overruled.