## Commonwealth, By, et al. v. Southern Pacific Co., et al.

(Decided May 23, 1913.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1.  Taxation—Assessment of Omitted Property—Proceeding by Revenue Agent to Collect School Taxes—Motion for Rule Against Sheriff to Show Cause Why He Had Not Collected School Taxes—Refusal of Rule.—Following proceedings involving litigation in the Jefferson County Court, the Jefferson Circuit Court, the Court of Appeals, and the Supreme Court of the United States, a judgment was finally entered in December, 1911, wherein certain property of appellee was assessed for taxation for the years 1907 and 1908, and in March, 1912, an order was entered reciting satisfaction in full of the judgment. There was no mention in the pleadings indicating a purpose to collect school taxes.

2.  In February of this year the revenue agents who had originally instituted the action, filed affidavits that appellee company was a resident of school district 46 of Jefferson County, and asked a rule against the sheriff of the county to show cause why he had not collected school taxes on the omitted property of the company. Upon notice to the company and the sheriff of the motion, the company did not respond, but the sheriff filed a response admitting the domicile of the company to be in the school district, that it was liable for the taxes, and joined with plaintiffs in asking a modification of the judgment so as to authorize him to dis-

train for the taxes. Upon appeal from the judgment overruling the motion, Held, That the revenue agents had no such interest in the collection of the school taxes as authorized them to enter these motions, it did not appear that the company was a resident of any particular school district; that it had had its day in court on the question of its residence in the district, or whether its property was liable to assessment therein for school purposes.

3.  Taxation—School Taxes—Section 4260 Ky. Stats., does not Embrace School Taxes.—The "State taxes" referred to in section 4260 Kentucky Statutes, are only such as go into the State Treasury when collected, and it is not intended to embrace school taxes which never reach the State Treasury.

4.  Taxation—School Taxes—Duty of School Authorities to Collect— When Any Taxpayer May Proceed to Have School Taxes Collected.—If the school taxes are due for the years named, it is the duty of the school authorities of the district to take such steps as may be necessary to require the proper officer to collect them; and if the school authorities have failed, or refused to do so, it is within the power of any taxpayer of the district to resort to that remedy.

MATT J. HOLT for appellants.

HUMPHREY, MIDDLETON & HUMPHREY for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

The Southern Pacific Company is a corporation organized under the laws of this State and having its principal place of business at Beechmont in Jefferson County, Kentucky. It does an extensive railway business, and operates in connection with its railway properties certain steamship lines.

This proceeding originally was instituted in the Jefferson County Court seeking to have assessed in that court certain omitted property of the Southern Pacific Company; after extended litigation in the county court, the Jefferson Circuit Court, this court, and the Supreme Court of the United States, a judgment was finally entered in December, 1911, wherein certain steamships and other property of the company were assessed for the years 1907, and 1908.

Thereafter, in March, 1912, an order was entered reciting satisfaction in full of the judgment.

Throughout the litigation no mention was made in the pleadings that the Southern Pacific Company was a resident of any particular school district, or graded school district, and no suggestion was made indicating a purpose as a result of the suit to collect any such taxes.

In February of this year the Revenue Agents who had originally instituted the action, through their attorney appeared in the Jefferson Circuit Court, filed affidavits stating that the Southern Pacific Company was a resident of Common School District No. 46, of Jefferson County, and asked that such orders and decrees be entered as might be necessary to procure the collection of the school taxes, including a modification of the original decree if deemed necessary; and asked for the issual of a rule against the sheriff of that county to show cause why he had not collected the school taxes on this omitted property.

Notice of this motion was given both to the sheriff and the Southern Pacific Company. The company did not respond, but the sheriff filed a response wherein he admitted that the domicile of the company was in school district No. 46, and that the company was liable for taxes, and they were unpaid. He joins with the plaintiffs in asking a modification of the judgment so as to authorize him thereunder to distrain for the school taxes.

The lower court overruled the motion for a rule, and declined to modify the judgment, and the Commonwealth has appealed.

The judgment must be affirmed on two grounds:

(1) The Revenue Agents had no such interest in the collection of the school taxes as authorized them to enter these motions. Section 4260 of the Kentucky Statutes in so far as it fixes the compensation of revenue agents and penalties which may be assessed against owners of omitted property, provides:

"All persons owning property which may be assessed as herein provided, shall, in addition to the taxes, pay the costs of the proceedings and a penalty of twenty per centum on the amount of the State and county taxes due, except where such property shall have been duly listed by the owner thereof. The taxes, costs and penalties shall be collected and accounted for as other taxes and penalties are required to be collected, and by the same officers. As compensation for his services in causing such property to be assessed, the officer filing the statement shall be entitled to the penalty of twenty per centum, and the same shall be paid to him by the county tax collector collecting said county taxes and penalty thereon within thirty days after receiving same, and by the officer of the State collecting or receiving State taxes within thirty days after receiving same."

It seems to have been assumed by the revenue agents that upon the collection of the school taxes, it would have been proper to assess a penalty of twenty per centum on their amount, and they would have been entitled under the statute to that penalty as their fee. This view has doubtless grown out of the fact that this court in several cases has in a broader sense referred to school taxes as State taxes in distinguishing them from municipal taxes.

City of Louisville v. Commonwealth, 134 Ky., 488.

Prowse, &c. v. Board of Education of Christian County, 134 Ky., 365; City of Louisville v. Board, 17 Ky. L. R., 697; Bamberger v. City of Louisville, 82 Ky., 337; Henderson v. Lambert, 8 Bush, 607; City of Louisville v. Board, 119 Ky., 574; Crabbe v. Trustees, 132 Ky., 478.

School taxes are either levied directly by the State or by municipalities under express grant of power from the State, and in that more comprehensive sense, they are referred to as "State taxes." But the term "State and county taxes" as used in section 4260 must be given a more restricted meaning in so far as it prescribes the penalty and fixes the compensation of revenue agents.

The "State taxes" referred to in that section are only such as go into the State Treasury when collected, and it is not intended there to embrace school taxes which never reach the State Treasury. This interpretation of the statute is in harmony with the provision of section 184 of our constitution wherein it is declared that taxes produced for school purposes shall be appropriated to no other purpose. Indeed it seems that this same interpretation was put upon the statute by the revenue agents themselves in this very case, for after accepting the penalties collected on the assessment for State and county taxes, they recited in an order of court full satisfaction of the judgment, and waited for about a year before they renewed this proceeding. Having no such interest in the school taxes as would justify them in renewing this proceeding, the court properly overruled their motion.

(2) In proceedings of this character the court acts purely in a ministerial capacity, merely assessing the property which the assessor has failed to assess, and fixing the value thereof for taxation; it renders no judgment for money and directs the collection of no taxes. After the assessment is made by the court and the value fixed, it is the duty of the collector to collect the taxes just as if the assessment had been made by the assessor in the first place. It would be clearly illogical for the

court under such conditions to require an officer, by rule, to collect a given amount of money when it had rendered no such judgment. And particularly so in this case where as a matter of fact it did not appear that the Southern Pacific Company was the resident of any particular common school or graded school district; and where it did not appear that the company had ever had its day in court on the question whether it was a resident of any such district, or its property therein liable to assessment for school purposes.

It is true the assessment for one purpose was sufficient for all purposes; but the remedy was to require the ministerial officer whose duty it was to collect the taxes to perform that duty. If the school taxes are due for the years named, it is the plain duty of the school authorities of that district to take such steps as may be necessary to require the proper officer to collect them; and if the school authorities have failed or refused to do so, it is then within the power of any tax payer of the district to resort to that remedy.

Judgment affirmed.