## City of Louisville, et al. v. Board of Education of City of Louisville, et al.

(Decided June 10, 1913.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. School and School Districts—Are State Institutions—Taxes for Benefit of Are State Taxes.—Every common school in the State, whether it be located in a populous city or in a sparsely settled rural district, is a State institution, and taxes levied for the benefit of schools are state taxes and not municipal, county or district taxes, although they may be levied and collected by municipal, county or district agencies.

2. Schools and School Districts—Exemption From Municipal Taxation Does Not Exempt From School Tax.—An ordinance enacted pursuant to constitutional and statutory provisions, authorizing municipalities to exempt from municpial taxation for five years manufacturing establishments, did not exempt them from the payment of school taxes levied by the municipal authorities for the benefit of the common school situated therein.

3. Statutes—Contemporaneous Construction.—The mere failure of public officers charged with the public duty of enforcing statutory and constitutional provisions in respect to levy and collection of taxes, should not be permitted to stand in the way of the correct administration of the law or be construed to estop more diligent and efficient public officers when they attempt to perform their duty by bringing into the revenue proper subjects of taxation that have theretofore been allowed to escape the payment of taxes.

STUART CHEVALIER, PENDLETON BECKLEY for appellants City of Louisville ,et al.

KOHN, BINGHAM and SLOSS & SPINDLE for appellant, Shuttleworth Clothing Co.

CLAYTON B. BLAKEY, ARTHUR M. RUTLEDGE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Section 170 of the Constitution provides in part that "The General Assembly may authorize any incorporated city or town to exempt manufacturing establishments from municipal taxation, for a period not exceeding five years, as an inducement to their location." In pursuance of this constitutional provision, the General Assembly in 1898 enacted a law, now section 2980a of the Kentucky Statutes, applicable to cities of the first class, providing that "The general council shall have power

by ordinance to exempt from municipal taxation, for a period not exceeding five years, manufacturing establishments, as an inducement to their location within the city limits;'' and by an ordinance approved in July, 1898, the general council of the city of Louisville, following the language of the Constitution and the statute, provided for the exemption for a period of five years of such manufacturing establishments as were entitled to the exemption.

In 1913 this suit was brought for the benefit of the Board of Education of the City of Louisville against the Assessor of the city and two manufacturing establishments located within the city, asking for a mandamus to compel the Assessor to assess for the use and benefit of the Board of Education the property owned by these establishments and subject to taxation within the city. The Assessor as well as the manufacturing concerns, resisted this suit upon the ground that under the Constitution, the statute and the ordinance, the establishments that it was sought to compel him to assess were exempt from taxation for school purposes.

In answer to this defense the Board of Education which is a public corporation having charge of the public schools asserted that the exemption authorized did not apply to taxes levied for school purposes, and this view of the question having been adopted by the circuit court, the writ of mandamus was awarded and the Assessor and the establishments sought to be assessed prosecute this appeal.

It will be observed that the exemption authorized is from ''municipal taxation,'' and the controlling question in the case is, whether or not a school tax levied by the municipal authorities for the benefit of the public or common schools of the city is a municipal tax within the meaning of these constitutional and statutory provisions. If the school tax so imposed is to be treated as a municipal tax, it is of course conceded by counsel for the Board of Education that the property sought to be assessed for the purpose mentioned is not subject to assessment. On the other hand, if the school tax levied by the municipal authorities is to be regarded as a State tax, then the property sought to be assessed is subject to the tax.

This question is no longer an open one in this State. We have several times written in substance and effect that every common school in the State, whether it be located in a populous city or in a sparsely settled rural

district, is a State institution, protected, controlled and regulated by the State, and that the fact that the State has appointed agencies· such as fiscal courts, school trustees and municipal bodies to aid it in the collection of taxes for the maintenance of these schools, does not deprive them of their State character. City of Louisville v. Commonwealth, 134 Ky., 488; Prowse v. Board of Education, 134 Ky., 365; Elliott v. Garner, 140 Ky., 157; Board of Education v. Townsend, 140 Ky., 248; McIntire v. Powell, 137 Ky., 477; City of Henderson v. Lambert, 8 Bush, 607; Bamberger, Bloom & Co. v. City of Louisville, 82 Ky., 337.

Therefore, when a municipal body, or a county, or a school district levies taxes for school purposes, the tax so levied is a State and not a municipal, county or district tax, although it be levied and collected by municipal or county or district officers. The fact that the tax is levied and collected for the State by these agencies of the State appointed for that purpose does not deprive it of its character as a State tax.

Being a State tax as distinguished from a municipal, county or district tax, the city, as well as the legislature of the State, would be without power, even had it attempted to do so, to exempt property from the burden of this tax, as section 170 of the Constitution forbids the exemption from taxation of any property not therein mentioned.

We are referred by counsel for appellants to the cases of Louisville School Board v. City of Louisville, 113 S.· W., 883; City of Louisville v. Louisville School Board, 119 Ky., 574; City Council of Richmond v. Powell, 101 ·Ky., 7, and Commonwealth of Kentucky, by, etc., Southern Pacific Co., 154 Ky., 41, but in no one of these cases was the question here presented involved, and in no one of them was it held in opposition to the list of authorities cited that a school tax was not a State tax.

A further argument in behalf of this exemption is rested on the ground of contemporaneous construction. It appears that from the time of the adoption by the city of the exemption ordinance heretofore quoted until 1912, neither the taxing authorities of the city of Louisville, nor the school officers of the city, made any effort to collect from manufacturing establishments, exempt from taxation under the ordinance, a school tax, and it may be conceded that it was understood and consented to by these officials that the exemption ordinance relieved

the establishments to which it applied from the payment of a school tax, and this failure of these officials to collect or attempt to collect the tax is seized upon as a reason why the school tax should not now be collected.

The doctrine of contemporaneous construction is frequently invoked and sometimes applied as an aid in the construction of statutes of doubtful meaning. Illustrative cases on this subject are, City of Louisville v. Louisville School Board, 119 Ky., 574; Harrison v. Commonwealth, 83 Ky., 162; Auditor of Public Accounts v. Cain, 22 Ky. L. R., 1889; City of Louisville v. Louisville Water Co., 105 Ky., 754; Trustees v. Board of Education, 141 Ky., 126; City of Louisville v. Ross, 135 Ky., 315; Commonwealth v. Kentucky Distilleries & Warehouse Co., 143 Ky., 314. But we do not know of any authority that would authorize the court to resort to the doctrine of contemporaneous construction for the purpose of defeating the effect of plain and unambiguous constitutional and statutory provision that impose taxes. The mere failure of public officers charged with a public duty to enforce statutory and constitutional provisions in respect to the levy and collection of taxes, or the acquiescence of public officers in conditions that exempted certain property from its fair share of the burdens of taxation, should not be premitted to stand in the way of the correct administration of the law or be construed to estop more diligent and efficient public officers when they attempt to perform their duty by bringing in to the revenue proper subjects of taxation that had theretofore been allowed to escape the payment of taxes.

Another argument advanced by counsel for appellants in support of the exemption claimed is found in a statute which it is said only authorizes the Board of Education to demand that the city shall levy taxes for the benefit of the schools on property subject to municipal taxation. It appears that when the charter of the city of Louisville was adopted in 1893, there was a section in the act relating to education, providing in substance that there should be levied and collected a tax of not less than 33 cents on each one hundred dollar's worth of property assessed for taxes for city purposes, and this declaration as to the character of property that should be subject to school taxation was subsequently followed in amendments to the school law.

It should, however, be kept in mind that in 1893, when the statute was first enacted, providing for the levy of

school taxes on property assessed for city purposes that manufacturing establishments were not exempt from taxation for city purpose. The act authorizing this exemption was not adopted until 1898, and it is manifest that the legislature, in providing that school taxes should only be levied on property subject to taxation for city purposes, did so, not with any view of declaring that any property should be exempt from taxation for school purposes, but merely because these words were used in the original act. But however this may be, the legislature had no authority to exempt any property subject to State taxation from taxation for school purposes.

It is further suggested, although the suggestion is not pertinent to the matter in hand, that a ruling that a school tax is a State tax and not a municipal tax, would have the effect of virtually destroying the exemption afforded by the Constitution and statute, as well as the ordinance, to manufacturing establishments, as a number of objects for which municipal corporations levy and collect taxes have been declared to be not for municipal purposes, and hence all the taxes collected for these objects must be regarded as State and not municipal taxes. As it would be out of place in this opinion to enter into a discussion of what are and what are not, strictly speaking, municipal taxes, or taxes levied for municipal purposes, we must decline to express any opinion on the subject referred to. We put our decision in this case distinctly upon the ground that a school tax is not, and has never been recognized in this State as other than a State tax.

Having the foregoing views of the law of this case, the judgment of the lower court is affirmed.