## Ramsey, et al. v. County Board of Education.

(Decided September 30, 1914.)

### Appeal from Taylor Circuit Court.

1. Schools and School Districts—Levy of School Tax—How Collected.—A county school tax levied under section 4426A-9 of the Kentucky Statutes, by the county fiscal court, is a State tax as distinguished from a municipal, county or district tax, and is to be collected by the collector of State taxes.

2. Schools and School Districts—Levy of School Tax—Certification by County Clerk—Mandamus.—Where a statute requires the county court clerk to make out and certify tax bills under a school tax levy, either as a State tax or as a county tax, and the

clerk declined to make out and certify said school tax bills as a State tax, mandamus will lie to compel him to do so. .

W. M. JACKSON and L. A. FAUREST for appellants.

W. H. SPRAGENS for appellee.

Opinion of the Court by Judge Miller—Affirming.

Acting under section 4426A-9 of the Kentucky Statutes, and pursuant to the estimate laid before it by the Board of Education for Taylor County, the Taylor County Fiscal Court made a levy of an *ad valorem* tax of 20 cents upon each $100.00 of the taxable property in said county, and a poll tax of $1.00 on each poll therein, for school purposes for the year 1912. There being no sheriff for Taylor county, the county judge, acting under section 4131 of the Kentucky Statutes, appointed the appellant, W. O. Hendrickson special collector of State taxes in that county.

The order appointing Hendrickson special collector expressly provided, however, that he was not authorized to collect any county taxes; his appointment related solely to the collection of State taxes. By another order, T. M. Turner was appointed special collector to collect county taxes for the year named; but Turner refused to qualify as such collector, and no other person has been appointed in his place.

For use in the collection of taxes, C. W. Ramsey, the county court clerk, procured two sets of tax bills or tax books, of the form prescribed by Chapter 131 of the Acts of 1912. On one set of these bills Ramsey certified only the State tax rate of 50 cents on each $100.00, as fixed by the Revenue Act of 1906, the amount thereof, and a dog tax. He delivered this set of tax bills to W. O. Hendrickson, the collector of State taxes, under the order above recited.

The Board of Education requested Ramsey, the county court clerk, to insert the rate and amount of the special school tax above described upon this set of State tax bills, but he not only declined to do so, but inserted said tax upon the tax bills which contained the county taxes; and Hendrickson, the collector of State taxes, having refused to collect the school tax, the Board of Education of Taylor County filed its petition for a mandamus against Ramsey, the clerk, and Hendrickson, the State tax collector, to require the clerk to amend the

State tax bills of that year by inserting thereon the rate and amount of the school tax, or to prepare and deliver to the collector a separate set of tax bills containing only the rate and amount of the school tax, and requiring Hendrickson as State tax collector, to collect said school tax.

The circuit judge granted the mandamus as asked, and from that judgment Ramsey and Hendrickson prosecute this appeal.

The question for decision, therefore, is this: Is the school tax levied under section 4426A-9, a State tax, or a county tax? If it is a State tax, it was the duty of the county court clerk to list it on the State tax bills, or to make new bills for that purpose, to be collected by Hendrickson as the State tax collector. If, on the other hand, the tax is a county tax, Hendrickson had no right to collect it, and the circuit judge was in error in requiring Ramsey to certify the school tax as a State tax, and in requiring Hendrickson to collect it.

In support of the argument that the tax is a county tax and not a State tax, attention is called to the fact that this levy is made by the Fiscal court of the county upon the recommendation of the County Board of Education, and for the educational needs of the county; that the tax when collected is to be paid to the County Superintendent of Schools, and expended by the County Board of Education, and that no part thereof goes into the State Treasury. Kentucky Statutes, sections 4426A-9, 4426A-13.

Attention is further called to the fact that section 4131 of the Kentucky Statutes authorizes the appointment of a separate collector of taxes "due the State," and that the county court may make this appointment; but should it fail to do so within thirty days, the Auditor of Public Accounts may appoint the collector therefor. From this it is argued that the collector of taxes due the State appointed by the county judge has the same powers, and no more, as the collector appointed by the Auditor; and that since it can not be contended that a collector appointed by the Auditor could collect this county school tax, the collector appointed by the county judge to collect such taxes could not do so.

Furthermore, under section 4143 of the Kentucky Statutes, the sheriff or collector of State taxes is required to account for and pay all taxes which he has collected for the State into the State Treasury by the 1st day of De-

cember of each year; and it is contended that this section of the statutes defines and identifies the taxes that go into the State Treasury as moneys due the State within the meaning of the statutory provision, and that all other taxes are county or district taxes.

In further support of this contention, appellants rely upon Commonwealth v. Southern Pacific Co., 154 Ky., 41. That case arose before the enactment of the present school law of 1912, and at a time when each common school district levied its own tax for school purposes. A proceeding had been instituted by a revenue agent against the Southern Pacific Company to assess certain property for taxation, as omitted property, and the property had been assessed. After that had been done, the revenue agent filed affidavits showing that the Southern Pacific Company was a resident of Common School District No. 46, of Jefferson County, in which a school tax had been levied; and he sought to have the school tax collected, and to recover the penalty thereon.

In the course of that opinion, the court said:

"It seems to have been assumed by the revenue agents that upon the collection of the school taxes, it would have been proper to assess a penalty of twenty per centum on their amount, and they would have been entitled under the statute to that penalty as their fee. This view has doubtless grown out of the fact that this court in several cases has in a broader sense referred to school taxes as State taxes in distinguishing them from municipal taxes.

"City of Louisville v. Commonwealth, 134 Ky., 488; Prowse, &c. v. Board of Education of Christian County, 134 Ky., 365; City of Louisville v. Board, 17 Ky. L. R., 697; Bamberger v. City of Louisville, 82 Ky., 337; Henderson v. Lambert, 8 Bush, 607; City of Louisville v. Board, 119 Ky., 574; Crabbe v. Trustees, 132 Ky., 478.

"School taxes are either levied directly by the State or by municipalities under express grant of power from the State, and in that more comprehensive sense, they are referred to as 'State taxes.' But the term 'State and county taxes,' as used in section 4260 must be given a more restricted meaning in so far as it prescribes the penalty and fixes the compensation of revenue agents.

"The 'State taxes' referred to in that section are only such as go into the State Treasury when collected, and it is not intended there to embrace school taxes which never reach the State Treasury."

A careful reading of this opinion shows that it was necessarily narrow in its scope, and merely decided that school taxes are neither State nor county taxes within the meaning of the terms "State and county taxes," as used in section 4260 of the Kentucky Statutes, which provides that revenue agents are entitled, in certain cases, to a penalty of 20 per cent. upon the State and county taxes collected. The court was not called upon in that case to classify a school tax as a State or a county tax; it merely held that a school tax was neither a State nor a county tax upon which the revenue agent was entitled to collect a penalty; and that he could collect a penalty only in cases where the State tax goes into the State Treasury when collected. It did not decide that a school tax was not a State tax; it only decided that the revenue agent could not collect a penalty upon a school tax which was not paid into the State Treasury.

It would seem, at first sight, that the school tax in question is a local instead of a State tax. It is fixed, levied and collected by local boards, bodies, or officers. Upon a more mature consideration, however, it will be seen that these are mere matters of convenience, and that a school tax is in reality a State tax. It was so expressly held in City of Louisville v. Board of Education, 154 Ky., 316, decided after the Southern Pacific Company case above referred to.

In City of Louisville v. Board of Education, *supra,* the city of Louisville under a charter provision, attempted to exempt certain manufacturing property within its limits from municipal taxation for a period of five years. The Board of Education contended that while the city had the right to exempt property from municipal taxation, it could not so exempt property from a school tax, although the city was the collector of the school tax. This case, therefore, squarely presented the question whether a school tax, levied by the municipal authorities, was to be considered a State tax as distinguished from a municipal tax.

In a carefully considered opinion, this court held that a school tax is a State tax as distinguished from a municipal, county or district tax; and, in the course of the opinion, it said:

"This question is no longer an open one in this State. We have several times written in substance and effect that every common school in the State, whether it be located in a populous city or in a sparsely settled rural

district, is a State institution, protected, controlled and regulated by the State, and that the fact that the State has appointed agencies such as fiscal courts, school trustees and municipal bodies to aid it in the collection of taxes for the maintenance of these schools, does not deprive them of their State character. City of Louisville v. Commonwealth, 134 Ky., 488; Prowse v. Board of Education, 134 Ky., 365; Elliott v. Garner, 140 Ky., 157; Board of Education v. Townsend, 140 Ky., 248; McIntire v. Powell, 137 Ky., 477; City of Henderson v. Lambert, 8 Bush, 607; Bamberger, Bloom & Co. v. City of Louisville, 82 Ky., 337.

"Therefore, when a municipal body, or a county, or a school district levies taxes for school purposes, the tax so levied is a State and not a municipal, county or district tax, although it be levied and collected by municipal or county or district officers. The fact that the tax is levied and collected for the State by these agencies of the State appointed for that purpose does not deprive it of its character as a State tax.

"Being a State tax as distinguished from a municipal, county or district tax, the city, as well as the legislature of the State, would be without power, even had it attempted to do so, to exempt property from the burden of this tax, as section 170 of the Constitution forbids the exemption from taxation of any property not therein mentioned.

"We are referred by counsel for appellants to the cases of Louisville School Board v. City of Louisville, 113 S. W., 883; City of Louisville v. Louisville School Board, 119 Ky., 574; City Council of Richmond v. Powell, 101 Ky., 7, and Commonwealth of Kentucky, By, &c. v. Southern Pacific Co., 154 Ky., 41; but in no one of these cases was the question here presented involved, and in no one of them was it held in opposition to the list of authorities cited that a school tax was not a State tax."

In our opinion the decision in City of Louisville v. Board of Education, *supra,* is conclusive of the case at bar, and that the tax in question is a State and not a county tax; and that being true, the circuit judge properly required the county court clerk to certify the tax as a State tax, and the State tax collector to collect it.

Judgment affirmed.