On Rehearing.
Act No. 205 of 1924, under which the state tax collector for the parish of Orleans instituted these proceedings, is of general application throughout the state. Section 39 directs the appointment by the Governor of an attorney for each parish to aid the various tax collectors in the collection of the license taxes levied by the act.
There is no evidence in the record of these cases establishing that the several attorneys in the sixty-three other parishes of this state either conferred with or concurred in the opinion of the attorney for the tax collector of the parish of Orleans, who testified in these cases. Nor does the record contain evidence to show that no vendors of building materials in any part of the state have paid, or been called upon to pay, a retail dealer's tax.
Even as to the parish of Orleans the question seems to have been limited to two or three taxpayers and to the opinion of a single attorney.
The witness Voekel, testifying on behalf of the two defendants, says: "Myself and two other building supply dealers had a *Page 580 
conference. I don't remember who the attorney of the State Tax Collector was at that time. And after considerable talk, we convinced him that we were wholesale dealers and not retail dealers, and based on that conference we further assumed that we were wholesalers and continued to pay license as such." (Tr. 27, Kearny Case.)
The witness Kearny, after positively stating that he was present and formed part of presumably the same conference, finally was forced to admit that there was no joint conference and that he was not present at any such conference. The occurrence on which he would pitch a contemporaneous construction in favor of his firm was a conversation which he had in his place of business with an unnamed individual who said that he represented the tax collector. (Tr. 23, 24, Kearny Case.)
No public officer was summoned or testified in support of the alleged contemporaneous construction. No officer charged with the administration of the statute has been shown to have ever given a written or a fixed opinion which could serve as a basis for the construction contended for by the defendants.
A reading of the testimony of the single attorney who once represented the tax collector for the parish of Orleans is sufficient to convince us, as it did the district judge, that the opinion expressed by him was not founded upon such considerations as would justify this court to adopt it in the face of the plain language of the statute. (Tr. 32-35, Kearny Case.)
The testimony of this attorney establishes clearly, in contradiction to the positive declarations *Page 581 
of the defendants' other witnesses, that these defendants were called upon to pay a retail dealer's license each time that there was an inspection by the representatives of the supervisor of public accounts. (Tr. 36, foot of page, Kearny Case.)
(The testimony is the same in both cases, on this question, but the transcript pages do not bear the same numbers.)
"The mere failure of public officers charged with a public duty to enforce statutory and constitutional provisions in respect to the levy and collection of taxes, or the acquiescence of public officers in conditions that exempted certain property from its fair share of the burdens of taxation, should not be permitted to stand in the way of the correct administration of the law, or be construed to estop more diligent and efficient public officers when they attempt to perform their duty by bringing in to the revenue proper subjects of taxation that had theretofore been allowed to escape the payment of taxes." Louisville v. Louisville Bd. of Education, 157 S.W. 379, 380, 154 Ky. 316.
The foregoing language is particularly applicable in view of the provisions of section 1 of Act No. 148 of 1906 that "no action or inaction of the State * * * shall stop or prescribe or debar its right to proceed for licenses or additional licenses before the day of prescription shall begin."
We are, therefore, of the opinion that the evidence in the record fails to establish that any contemporaneous construction was ever placed upon the statute to the effect that dealers who sell to contractors, municipalities, and public boards were wholesalers and not *Page 582 
subject to the payment of a retail dealer's license.
We find no error in the original opinion handed down in this case.
It is, therefore, ordered that our original decree be reinstated and made the final judgment of this court.
O'NIELL, C.J., and ROGERS and ODOM, JJ., dissent.