## Stokley, County Judge, et al. v. Fleming County Board Of Education, etc.

October 17, 1947.

Donald L. Wood, Judge.

L. A. McDonald and Lander Bright for appellants.

B. S. Grannis for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This lawsuit involves a controversy between the Fleming County Fiscal Court (hereinafter referred to as "Court") and the county Board of Education (hereinafter referred to as "Board") over the school budget for the fiscal year 1947-48. The action was instituted by the Board for a writ of mandamus to require the Court to levy an ad valorem tax for school purposes at $1.41 for each $100 of the assessed value of Fleming County property, and to levy a $1 poll tax. The trial Judge entered judgment in accordance with the prayer of the Board's petition.

On April 14, 1947, the Board had submitted to the Court an estimated General Budget for the school year commencing July 1, 1947. The Court refused to accept this budget and to levy the taxes therein requested. The apparent reason for the Court's refusal was that four substantial errors in the estimate indicated the Board had not made its calculations in good faith.

At the outset we may point out that under Section 160.460, KRS, the fiscal court of the county (except in the case of certain independent school districts) shall levy an ad valorem tax at the rate specified by the district board of education within limits prescribed by Chapter 160. Section 160.470 requires boards of education to prepare school budgets showing: The amount of money needed for operating, capital and other necessary expenses during the succeeding fiscal year; the estimated total amount to be received from the common school fund; and the amount necessary to be raised by local taxation. This budget shall be filed with the clerk of the fiscal court on or before March 20 of each year.

In this case the school budget, as above prescribed, was filed with the Court somewhat late, but this is immaterial. The budget showed estimated expenditures of something over $220,000, and it appeared that approximately $144,000 of this amount should be raised by local taxation. This latter item made necessary a levy of $1.41 per $100 of assessed valuation in order to produce the revenue required.

The Court objects to making the levy requested by the Board on the following grounds: (1) The Board over-estimated the commission to be paid the county sheriff for the collection of school taxes, (2) the Board under-estimated the per capita distribution it would receive from the common school fund, (3) the Board under-estimated its cash balance on hand July 1, 1947, and (4) the Board attempted to re-budget a $16,000 item for expenditures which had been provided for in the budget of the preceding year.

While examining these features of the budget, we should bear in mind that under the provisions of the statutes above referred to, the Board and not the Court is granted the authority to determine what revenue will be necessary for the operation of schools within the district. The guiding principle is thus stated in City of Paducah et al. v. Board of Education of Paducah, 289 Ky. 284, page 288, 158 S. W. 2d 615, page 416:

"The board of education has the exclusive right to determine within lawful limits the amount of money necessary to be expended and the items for which it shall be expended in the operation of the schools, and, unless the governing authorities of the tax levying district can show an illegal expenditure, or a computation unlawfully arrived at, or bad faith on the part of the school board, it must levy a tax within limits prescribed by the Constitution and statutes sufficient to raise the revenue required under the provisions of the budget filed with it by the board of education."

See also Fyfe, County Judge, et al. v. Hardin County Board of Education et al., 305 Ky. 589, 205 S. W. 2d 165.

In the light of the above quoted rule, let us examine the objections raised by the Court in this case:

1. The budget submitted to the Court included an

allowance of four percent to the county sheriff for the collection of school taxes. The Fleming County sheriff had actually made such deductions for collections in February and March, and was claiming the right to do so under Section 160.500, KRS. In Weber v. True et al., 304 Ky. 681, 202 S. W. 2d 174, decided May 6, 1947, we held that the statute increasing the percentage from one to four percent did not apply to those sheriffs in office when the statute was enacted. Therefore, by virtue of our decision in that case, it now appears that the Board over-estimated by three percent the amount of the sheriff's commission, which will result in additional revenue of approximately $4,000. This estimate at the time it was made was perfectly proper, and our subsequent decision does not make it an unlawful computation nor does it indicate lack of good faith on the part of the Board.

2. The State Board of Education had advised the district boards that the estimated per capita would be $25, and this amount was put in the budget. Later it developed that for the 1947-48 school year the per capita would actually be $25.66. This will result in the realization by the Board of additional receipts amounting to approximately $1,800. There was nothing unlawful about this original computation nor is there any suggestion of bad faith on the part of the Board for using in its estimate the $25 figure certified by the state authorities.

3. In the budget submitted to the Court, the Board had estimated its unexpended cash balance as of July 1, 1947, to be $3,000. Actually it was found on July 1 that the Board's cash balance was something over $11,-000. This discrepancy appears to be explained by the inability of the Board to expend a substantial portion of this sum, as had been contemplated, between the date of the estimate and the beginning of the new fiscal year. In addition, there is some evidence that a substantial part of this surplus is already committed for expenditures authorized the preceding year. In view of the fact that a prospective cash balance could not be estimated with exactness three months in advance, and in view of the reasons for this apparent unanticipated surplus, we do not find anything unlawful in the computation or any facts to indicate it was made in bad faith.

4. The Court objects strenuously to an item of $16,000 set up in the budget as "Capital Outlay." It insists that this item is for the repair or remodeling of the "Old School Building" located in Flemingsburg, and that a similar amount for the same purpose was set up in the budget for the preceding year. As we read the budget and the record, it is not at all certain that this item is limited to work on such building. This expenditure is estimated to "include all payments for land, or new grounds, new buildings, new furniture and equipment, improvements to grounds and buildings, and new school buses." Mr. Scott, Superintendent of Schools, testified the proposed use of this $16,000 was for the purchase of furniture and equipment and new buildings and grounds, although the "bulk" of it would be spent to remodel the old building. While the record is not clear on the point, it also appears that the Board still has $14,000 in this particular fund left over from last year, and the cost of repairing and remodeling the "Old School Building" has recently been estimated at $30,000. We see no reason why the Board should not be permitted to budget an additional capital outlay even though it has unexpended funds left over from the preceding year. This would not be an illegal expenditure nor does it indicate bad faith on the part of the Board.

From what has been said above, it is evident that the Board has made errors in its calculations. However, we must remember that at the time they were made they were estimates, and an estimate by its very nature is uncertain. Subsequent developments and actualities cannot be used to condemn an estimate in the absence of a showing that it was tainted with illegality or bad faith. While this record does not present as clear a picture as we would like, there is nothing in it which demonstrates that the Board was not acting honestly in an attempt to provide adequately for the operation of its schools.

In Allen County Fiscal Court v. Allen County Board of Education, 242 Ky. 546, page 548, 46 S. W. 2d 1070, page 1071, this Court said:

"Though it is possible to fix the amount of its expenditures with reasonable certainty, mistakes are sometimes made, and unexpected obligations have to be met.

With respect to its income there is more uncertainty. At the time the budget is being made up no one can say exactly how much will be received from the state, from polls, from franchises, or even from ad valorem taxation, particularly in times of depression like these. In short, the board must rely on estimates, which, in the very nature of things, are more or less problematical.''

It is our conclusion that the Court failed to prove any illegality, fraud or bad faith on the part of the Board in fixing its budget, and in the absence of such showing, the Court must accept it and levy taxes to produce the revenue required.

The judgment of the Fleming Circuit Court was in all respects correct, and it is affrmed.