Leroy LAMAR, Hawesville, Kentucky, Individually, etc., et al., Appellants,

v.

BOARD OF EDUCATION OF the HANCOCK COUNTY SCHOOL DISTRICT and Fiscal Court of Hancock County, Kentucky, Appellees.

Court of Appeals of Kentucky.

May 14, 1971.

Joseph R. Rubin, John S. Smith, Rubin & Trautwein, Louisville, for appellants.

Harold Wayne Newton, Paul L. Madden, Hancock County Atty., Hawesville, for appellees.

H. Hamilton Rice, Jr., Sandidge, Holbrook, Craig & Hager, Owensboro, for intervening plaintiffs.

Ben B. Fowler, Dailey & Fowler, Frankfort, for Kentucky School Boards Assn., amicus curiae.

STEINFELD, Judge.

This litigation involves the validity of legislation which authorizes the respective counties acting on the initiative of the school boards located therein to levy a tax for school purposes of three percent of the gross receipts derived from furnishing utility services within the county. KRS 160.613. In a class action (CR 23) the parties to this appeal submitted to the trial court certain questions in a proceeding authorized by KRS 418.020, a part of the Declaratory Judgment Act. They sought to obtain an adjudication of a controversy as to the constitutionality of House Bill 471 of the 1966 General Assembly, Part III, the Utility Gross Receipts License Tax for Schools codified as KRS 160.593 through 160.648, and the validity of its levy in Hancock County, Kentucky. The court made findings of fact and conclusions of law pursuant to CR 52.01 and adjudged among other things, "That the License Tax is a valid and constitutional tax and has been and is being levied and collected * * in a valid and constitutional manner." The appeal is from that judgment. We affirm.

Twelve days after the action was filed Southwire Company, National Southwire Aluminum Corporation, National Aluminum Corporation and Big Rivers Rural Electric Cooperative Corporation moved to be excluded from the class. The motion was sustained and they, excepting Big Rivers, with the permission of the court intervened making many of the contentions presented by appellant, Lamar, whom the court authorized to represent the class. The complaint of the intervenors raised two special issues which were:

"1. Whether or not representation by Leroy Lamar will fairly and adequately protect the class and all members thereof.

2. Whether or not the School District had, by 1965, availed itself of all possible sources of revenue."

In its conclusions of law the court answered both of these issues in the affirmative. The intervenors have not appealed, but appellant, Lamar, continues to challenge the above-stated second issue and to attack other conclusions of law reached by the trial court. However, the litigants before us agree that the subject matter of this action is proper for submission under KRS 418.020, that Lamar is a proper class plaintiff and that he has fairly and adequately protected the interests of the members of the class which he represents.

The controversial statutes authorize the respective fiscal courts, on request of "One or more boards of education of school districts which contain at least ninety percent of the county's inhabitants * * *" to levy one of three types of school taxes. KRS 160.593. The one adopted in Hancock County is entitled "Utility Gross Receipts License Tax for Schools". KRS 160.613. The request was made and the fiscal court levied that tax at the rate of 3% of the gross receipts from all non-exempt utility users in that county beginning January 1, 1970. As authorized by the act the utility companies passed the charge on to the customers. KRS 160.617.

■ Appellant claims that the title of the act does not comply with § 51 of the Kentucky Constitution which provides, "No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title, * * *." The House Bill was designated "An act relating to education, and the financing thereof" and was composed of five parts. Part I amends KRS 157.390 and 157.420 and provides a method by which the Superintendent of Public Instruction and State Board of Education can classify teachers as to rank and it fixes a salary schedule for the teachers. Part II amends KRS 141.042 and 141.044 and provides for certain corporations to file a Declaration of Estimated Taxes. Part III authorizes three optional school taxes and specifies the conditions for their levy. Part IV creates a commission to help education and Part V states that if any provision of the act is

invalid such invalidity shall not affect the remaining portions of the act.

Section 51 of the Constitution requires that the title of an act be " * * * fairly expressive of the context of the bill * *". Commonwealth v. Barney, 115 Ky. 475, 74 S.W. 181, 24 K.L.R. 2352 (1903). It is necessary, however, that each provision " * * * be germane and not foreign to the title." Duke v. Boyd County, 225 Ky. 112, 7 S.W.2d 839 (1928). We stated in Engle v. Bonnie, 305 Ky. 850, 204 S.W.2d 963 (1947), that among the purposes of § 51 were " * * * to prevent surprise or fraud, and the enactment of vicious legislation under an innocent and misleading title." It is our opinion that the title was sufficient to put the members of the General Assembly and the public on notice that a tax might be authorized to finance education, therefore, it met constitutional requirements. Miller v. City of Louisville, Ky., 321 S.W.2d 237 (1959).

■ The appellant claims that the tax is really an excise tax and that it is impermissible for the county to make such a levy. Reliance is on § 181 of the Kentucky Constitution which, in pertinent part, provides:

"The General Assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations and professions, or a special or excise tax: and may, by general laws, delegate the power to counties, towns, cities and other municipal corporations, to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and profession. * * *."

He cites Driver v. Sawyer, Ky., 392 S.W.2d 52 (1965), in which we considered an act which imposed a tax on each conviction in a criminal case with the proceeds establishing a county jail building fund. We said:

"If this tax is to be considered as one imposed by the county, it violates Section 181 of the Kentucky Constitution because it is not a kind of tax that a county may levy. Ad valorem taxes and license taxes are the only kinds of taxes that a county may levy. Wiedemann Brewing Co. v. City of Newport, Ky., 321 S.W.2d 404.

If, on the other hand, the tax is to be considered a tax imposed by the state for county purposes, it runs squarely into the opening words of Section 181: 'The General Assembly shall not impose taxes for the purposes of any county * * '.'"

In declaring the taxing statute questioned in Sawyer to be invalid we said:

"There remains only the possibility that the tax could be considered as one imposed by the state for state purposes; this being on the theory that a county jail is a matter of general statewide concern. But the tax cannot be sustained even under this view because by the clear mandate of Section 171 of the Kentucky Constitution a state tax must be imposed on a statewide basis. Here the tax is imposed only in one county."

Driver may be distinguished on the basis that the act we now are considering applies to all counties.

We find it unnecessary to classify the tax as excise or license because either type may be levied for state purposes and it was for state purposes that the levy being attacked was made.

In City of Louisville v. Board of Education of City of Louisville, 154 Ky. 316, 157 S.W. 379 (1913), we said:

"We have several times written, in substance and effect, that every common school in the state, whether it be located in a populous city or in a sparsely settled rural district, is a state institution, protected, controlled, and regulated by the state, and that the fact that the state has appointed agencies such as fiscal courts, school trustees, and municipal bodies to aid it in the collection of taxes

for the maintenance of these schools does not deprive them of their state character. * * *. Therefore, when a municipal body, or a county, or a school district, levies taxes for school purposes, the tax so levied is a state, and not a municipal, county, or district tax, although it be levied and collected by municipal or county or district officers."

We wrote in Cullinan v. Jefferson County, Ky., 418 S.W.2d 407 (1967), that:

"A board of education in Kentucky is performing a function of the state in operating the public schools as state institutions. City of Louisville v. Board of Education, 154 Ky. 316, 157 S.W. 379. 'Public education has always been regarded as a matter of state concern * * *.' Commonwealth ex rel. Baxter v. Burnett, 237 Ky. 473, 35 S.W.2d 857.

School taxes are classified as state and not local taxes. Commonwealth by Board v. Louisville Nat. Bank, 220 Ky. 89, 294 S.W. 815. Members of county boards of education are state and not municipal officers. Middleton v. Middleton, 239 Ky. 759, 40 S.W.2d 311. Local school boards fulfill a governmental function of state government by providing public education within a particular geographical area. Board of Education of Louisville v. Society of Alumni of L. M. H. S., Ky., 239 S.W.2d 931."

We pointed out in Board of Education of Louisville v. Board of Education of Jefferson County, Ky., 458 S.W.2d 6 (1970), that " * * * a school district is * * * an agency of the state subject to the will of the legislature and existing for one public purpose only—to locally administer the common schools within a particular area subject to the paramount interest of the state." We held that the tax there being considered " * * * is used only for school purposes * * * is of statewide concern (and) * * * is one the county is authorized by the Constitution to levy * . * *".

In Board of Trustees, Newport Public Library v. City of Newport, 300 Ky. 125, 187 S.W.2d 806 (1945), we considered an act of the General Assembly which required a city to levy a property tax for the purpose of maintaining a public library in the city. The act was attacked as being in violation of the provisions of Section 181 of the Kentucky Constitution. We held that the act imposed a local tax but that it was for state purposes. We noted that a public library is an educational institution and " * * * that education is a function of government. Such function or duty is not regarded as a local matter, but as a state governmental duty * * *." We discussed education and the school systems and likened library facilities to those of the schools. We held the act valid. Also see Boggs v. Reep, Ky., 404 S.W.2d 24 (1966).

From the foregoing cases it is readily apparent that the tax authorized by the legislation here being attacked (KRS 160.-613) is for state purposes and that the request for the levy and the levy were made pursuant to enabling legislation with statewide application. The tax was authorized, not inhibited by § 181 of the Kentucky Constitution.

■ The appellant contends that KRS 160.617 which permits the utilities to increase rates to the extent of the tax creates an arbitrary classification and is confiscatory, denying to the appellant equal protection of the law and due process of the law. He points out that "The incidence of this tax is to force those citizens in Hancock County who are served by utilities to pay a greater portion of the tax support of the county schools than those county residents who are not served by utilities"; that the users of large amounts of utility services will pay more than those using smaller amounts; that those people who have no children in the county schools derive no benefit from the tax; and that persons who have children in the schools but are not utility users will bear none of the burdens imposed by the tax. He con-

tends that the equality and uniformity of the burden imposed by a tax is one of the basic objectives of taxation and in support thereof cites City of Harrodsburg v. Devine, Ky., 418 S.W.2d 426 (1967). He says that "The fundamental idea of taxation is that the burden should be borne equally by all persons and that no one class should be taxed for the benefit of another." Hager v. Walker, 128 Ky. 1, 107 S.W. 254 (1908). He cites Martin v. City of Greenville, 312 Ky. 292, 227 S.W.2d 435 (1950), in which we held that it is not a valid classification to base a license tax solely on the number of units in an apartment house, and City of Louisville v. Koehler, Ky., 264 S.W.2d 80 (1954), in which we declared that license taxes discriminate when they are based upon the length of time the licensee has been in business. He insists that the act creates an arbitrary classification thereby violating § 2 of the Kentucky Constitution as well as the Fourteenth Amendment to the United States Constitution.

The appellee responds that "The Legislature must always act reasonably and not arbitrarily in making classifications for taxing purposes. Classifications that are not reasonable are discriminatory and violate both Sections 2 and 171 of the Kentucky Constitution. Section 2 prohibits the exercise of absolute and arbitrary power within this Commonwealth. This Section embraces fundamental fairness, due process and equal protection of the law. Pritchett v. Marshall, Ky., 375 S.W.2d 253 (1963); American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 379 S.W.2d 450 (1964). Section 171 requires that taxes be levied by general laws, for public purposes only, and that they be uniform within the class being taxed."

While equality and uniformity of the tax burden is one of the basic objectives of all taxation (City of Harrodsburg v. Devine, Ky., 418 S.W.2d 426 (1967)) it is not essential that a tax be imposed upon all citizens or equally upon those taxed.

Gordon v. City of Louisville, 138 Ky. 442, 128 S.W. 327 (1910). Equality and uniformity require only that a particular tax operate equally and uniformly upon all those designated as coming within the class. Atlantic Coast Line R. Co. v. Com., 302 Ky. 36, 193 S.W.2d 749 (1946). In Sims v. Board of Education of Jefferson County, Ky., 290 S.W.2d 491 (1956), we held constitutional an act authorizing the Board of Education of any county containing a city of the first class to impose occupational license fees on the earnings of individuals working in the district and on the net profits of businesses located there. We rejected the contentions of the parties who worked within the school district but resided and educated their children elsewhere that the act was unconstitutional as a denial of due process to them. Also see Turrell v. Board of Education, Ky., 441 S.W.2d 767 (1969).

The tax burden seldom falls alike on all persons. It is unnecessary to cite instances in which courts have upheld graduated scales of taxes, varied exemptions and licenses based upon volume of business. The owner of valuable property pays much more ad valorem taxes than his neighbor who owns less. It is uniformity of the classification that is required as distinguished from equality of burden. Cf. New York Rapid Transit Corporation v. City of New York, 303 U.S. 573, 58 S.Ct. 721, 82 L.Ed. 1024 (1938). "If any proper reasonable basis can be perceived to justify the classification it should be upheld." Johnson v. City of Paducah, 285 Ky. 294, 147 S.W.2d 721 (1941).

Next the appellant contends that the Board of Education of Hancock County acted capriciously and arbitrarily in determining that the school system had a current need for additional school revenue and in selecting the Utility Gross Receipts License Tax for Schools as the source of the revenue. He also says that the board was not justified in requesting the fiscal court to make the levy and the fiscal court was remiss in levying the tax without

questioning the need for additional revenue. The trial court considered these issues and in its findings of fact found justification for the levy and that the board had not acted in an arbitrary manner. Appellant points to nothing and we have found nothing indicating that the trial court erred in reaching these conclusions. The contention of arbitrariness is rejected. With respect to the charge that the fiscal court should have questioned the tax we point out that the fiscal court is merely an instrumentality through which the levy is made and it had no duty to question the action of the school board. Stokley v. Fleming County Board of Education, 305 Ky. 602, 205 S.W.2d 168 (1947). Cf. Meredith v. Sears, Ky., 427 S.W.2d 813 (1968).

■ Finally it is argued that the tax has not been and is not presently being levied in a correct and valid manner. KRS 160.-615 provides:

"The school taxes authorized by KRS 160.613 shall be due and payable monthly and shall be remitted on or before the twentieth day of the next succeeding calendar month."

KRS 160.648(2) provides:

"Any person, individual, or corporation who fails to pay, on or before the due date, any school tax authorized by KRS 160.593 to 160.597, 160.601 to 160.-627, 160.633 to 160.648 and levied by the fiscal court shall pay a penalty of one percent per month of the amount of such tax past due until paid."

In the resolution adopted by the fiscal court it is stated:

"DUE DATE OF TAX:

In the event any utility is unable to remit the tax by the twentieth day of the month because of an existing billing practice, such utility may apply to the county finance officer for an extension of not more than ten days. Such extension may be granted on a continuing basis. If the extension is granted, interest and penalties shall be waived for the periods of the extension."

It is the contention of the appellant that the word "shall" appearing in KRS 160.615 and KRS 160.648(2) is mandatory and that the fiscal court, in permitting an extension of time in which to pay, violated the statutes. Whether the two last quoted statutes are mandatory or directory affects the validity of the resolution but we hold that the moratorium of ten days allowed those whose billing practice will not permit remittance by the twentieth of the month not to be such a deviation from the taxing statute as to destroy the validity of the levy. Cf. Davidson v. Board of Education of City of Pikeville, 225 Ky. 165, 7 S.W.2d 1056 (1928).

The judgment is affirmed.

All concur.