J. E. LUCKETT, now Maurice Carpenter, Commissioner of Revenue of the Commonwealth of Kentucky, et al., Appellants,

v.

**ELECTRIC AND WATER PLANT BOARD OF the CITY OF FRANKFORT, Kentucky, Appellee.**

Supreme Court of Kentucky.

Nov. 18, 1977.

William S. Riley, Asst. Atty. Gen., Kentucky Dept. of Revenue, Frankfort, Glenn McDonald, Louisville, for appellants.

Marion Rider, Frankfort, for appellee.

REVERSING

PER CURIAM.

In 1969 the Fiscal Court of Franklin County levied, for the benefit of schools, a utility gross receipts license tax of 3% pursuant to authority granted the fiscal court in KRS 160.613. In conjunction with the enactment in 1966 of KRS 160.613, the General Assembly enacted KRS 160.617 which provided that a utility could increase its rates by 3% in any county in which the utility was required to pay the school tax. If the utility did raise its rates by 3%, the statute required that the bills sent to customers set forth the amount of the increase and identify it as "Rate increase for school tax."

Appellee availed itself of the provisions of KRS 160.617 and increased its customers' bills by 3%, designating the increase simply as "school tax." The additional 3% was not included by appellee in computing its gross receipts upon which the state levies a 5% sales tax and herein lies the controversy.

Appellee contends that it did not increase its rates by 3%. On the contrary, appellee maintains that it was merely collecting the 3% tax from its customers and sending it directly to the proper authorities. In no way did the money constitute gross receipts or provide any benefit to the utility company appellee argues.

It is the position of the Department of Revenue that the 3% additional charge is in fact a rate increase and as such constitutes gross receipts to the utility company. As a result the Department of Revenue sought to recover sales tax from the utility company in an amount equal to 5% of the 3% rate increase for the taxable period. The utility company was ordered to pay the amount by the Kentucky Board of Tax Appeals which supported the Department of Revenue's interpretation. The board's order was appealed to the Franklin Circuit Court which adjudged the board's assessment erroneous and vacated the board's order. The Franklin Circuit Court found specifically, "The three (3%) percent school tax levied by the Franklin County Fiscal Court pursuant to KRS 160.613, which the Electric and Water Plant Board collects and turns over to the School Board, is not a portion of the gross receipts of sales on utilities and the five

(5%) percent gross receipts sales tax does not apply to this three (3%) percent." We have examined the applicable statutes and cannot agree.

KRS 160.613 authorizes a 3% utility gross receipts license tax on "the gross receipts derived from the furnishing, within the county, of . . . electric power, water, and natural, artificial, and mixed gas." The only exception is that gross receipts are not to include amounts received for furnishing energy used in manufacturing, processing, mining or refining or utilities which are to be resold. This license tax is levied upon the utility company, not its customers, and the utility company is the taxpayer ultimately liable for the tax. Further evidence of this fact is seen in KRS 160.617 which is quoted in full as follows:

> "The fiscal court may promulgate such regulations as may be necessary for the collection of the tax authorized by KRS 160.613. Notwithstanding the provisions of KRS 278.040(2), *any utility required to pay the tax* authorized by KRS 160.613 may increase it rates in any county in which it is required to pay the school tax by three per cent (3%). Any utility so increasing its rates shall separately state on the bills sent to its customers the amount of such increase and shall identify such amount as: 'Rate increase for school tax.'" (Emphasis added) *

The fact that KRS 160.617 permits the utility company to raise its rates to alleviate the burden on the utility company does not convert the tax into one levied upon the customers in which the utility company merely acts as collection agent. Therefore, the 3% rate increase is no different from the remainder of the utility bill which constitutes gross receipts to the utility company. And as in other cases where a retailer is liable for sales tax upon the sale of goods or services, the utility company could have collected the amount of the tax from its customers. KRS 139.210. If the legislature intended receipts from the 3% permissive rate increase to be exempt from sales tax, it could easily have incorporated its desire into KRS 160.617. It did not and it is not the function of this court to do so.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.

---

* The first sentence of this statute was deleted by the General Assembly in 1976.