### CIMMARON COAL CORPORATION, Appellant,

v.

### DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 13, 1984.

Rehearing Denied Aug. 31, 1984.

Discretionary Review Denied by Supreme Court Jan. 9, 1985.

Richard L. Frymire, Moore, Morrow & Frymire, Madisonville, for appellant.

David L. Armstrong, Atty. Gen., Susan G. Leavenworth, Asst. Atty. Gen., Frankfort, Robert G. Bardin, Nathan Goldman, Staff Attorneys, Dept. of Revenue, Frankfort, for appellee.

Before HAYES, C.J., and COMBS and GUDGEL, JJ.

COMBS, Judge.

Taxpayer appeals a Hopkins Circuit Court judgment affirming a Kentucky Board of Tax Appeals order that required the taxpayer to pay additional coal severance tax.

The facts are undisputed. The taxpayer raises three issues requiring interpretation of KRS Chapter 143 as it was enacted in 1972.

I. Whether the money taxpayer received from a purchaser complying with a contractual obligation to pay severance tax is included in "gross value".

In 1972, the General Assembly enacted the coal severance tax which required one

severing coal to pay a tax equal to 4% of the "gross value" of the coal severed or a minimum of thirty cents for each ton of coal severed. 1972 Ky.Acts, Chap. 62, Part II, § 2.

During the period in question, taxpayer had one primary purchaser of its coal. The contract between the taxpayer and the purchaser provided that the cost of the coal would be adjusted to reflect any changes in the coal severance tax laws. After enactment of the coal severance tax in 1972, purchaser paid taxpayer an additional 4% per ton.

The question is whether taxpayer is entitled to deduct this additional 4% from the amounts he received for his coal to determine "gross value." Taxpayer argues that to include the additional sum in "gross value" would permit double taxation and that the taxpayer was acting as a conduit in collecting the severance tax. We disagree.

The taxpayer recognizes that such sums collected since the law's amendment in 1978 would be included in gross value. *See* KRS 143.010(6)(g).

Whether the additional compensation is included in gross value depends upon the intent of the Legislature in enacting 1972 Ky.Acts, Chap. 62, Part II, § 1(6)(a), which defines "gross value" as applicable to the facts in this case as follows:

> For coal severed and sold during a reporting period, gross value is the amount received or receivable by the taxpayer.

The plain meaning of the statute is that amounts received or receivable by the taxpayer are gross value. This taxpayer received or was contractually entitled to receive the contract price. The contract price was a base price plus 4% after enactment of the severance tax.

■ The General Assembly's use of the word "gross" would imply the selling price of the coal. If the General Assembly did not mean to include taxes and other cost they would have used a word such as "net."

■ The taxpayer also argues that he was acting as a conduit or agent for collection of these taxes. The one liable for the severance tax is the one who severs the coal, not the one who purchases it. 1972 Ky.Acts, Chap. 62, Part II, §§ 1(5), 2. Severance tax is not like Kentucky's sales tax, where a retailer has a duty to collect the tax imposed upon purchasers. KRS 139.-330; KRS 139.340.

The trial court did not err in affirming the board's order that included the entire contract price in "gross value." This result is consistent with *Luckett v. Electric Water Plant Board of the City of Frankfort*, Ky., 558 S.W.2d 611 (1977).

II. Whether royalty payments should be deducted from "gross value".

Taxpayer argues that the amount he paid in royalty should be deducted from gross value. The argument is premised on his interpretation of the regulations of the Department of Revenue that the lessor of the coal he severed is responsible for a proportionate share of the severance tax. We disagree.

■ We do not interpret the regulations the same way that the taxpayer does, but if we did, the regulations would be an ultra vires act of the Department. The statute defines "taxpayer" for purposes of severance tax as follows:

> "Taxpayer" shall mean and include any individual, partnership, joint venture, association, or corporation *engaged in severing* coal in this state. 1972 Ky Acts Chap. 62, Part II § 1(5). (Emphasis added.)

A mineral owner who leases his coal to a severer of coal is not "engaged in severing" that coal.

■ The taxpayer's reliance on *Commonwealth v. Majestic Collieries Company*, Ky., 594 S.W.2d 877 (1980) is misplaced. That case is not authority for a rule that anyone with an economic interest in coal which is severed owes severance tax. *Majestic Collieries* determined that a lessee of

**438**

coal that uses contract miners to extract and transport coal was the taxpayer under KRS 143.010(5). The contract miners were held to be "tools" of the one "engaged in severing coal." Unlike the lessee, the lessor asserts no control over the sequence, the time or the particular coal to be severed.

The trial court did not err in affirming the board's order that the taxpayer's royalty payments should not be deducted from gross value.

### III. Whether gross value includes transportation costs from taxpayer's mine to taxpayer's processing plant.

Prior to the 1978 amendment, entities that processed coal were not subject to severance tax. In cases such as the present one in which the taxpayer both severed and processed coal, the Department provided taxpayers with a formula that would generally allow the taxpayer to deduct the cost of processing from gross value. The formula attributed the cost of transportation from mine to plant as mining expense. Taxpayer argues that the cost of transporting coal from the mine to the processing plant is attributable to processing, not mining. Although taxpayer did not present this issue in the same form, he has argued that this cost was not to be included in gross value at all times.

Prior to 1978, cost of transportation to purchasers was not included in gross value by regulation. After 1978, "transportation expense" was excluded from gross value by statute, and the cost a miner/processer incurs in transporting coal from mine to plant is included in "transportation expense." KRS 143.010(6), (11)(b).

█ We are unable to distinguish the difference between transporting coal to one's own processing plant and transporting coal to a processing plant that has purchased the coal from the miner. If the General Assembly intended to exclude processing and transportation cost from gross value as the Department has interpreted this act by regulation, then it would have intended to exclude the cost of transporting the coal from the mine to the plant even if owned by the same entity. We hold such was their intent.

We affirm in part and reverse and remand in part with directions that the Hopkins Circuit Court remand this case to the Kentucky Board of Tax Appeals for decision consistent with this opinion.

All concur.