**BOARD OF EDUCATION OF the RUS-SELLVILLE INDEPENDENT SCHOOLS and Board of Education of the Logan County Schools Movants,**

v.

**LOGAN ALUMINUM, INC., Atlantic Richfield Company and Alcan Aluminum Corporation, Respondents.**

**LOGAN ALUMINUM, INC., Atlantic Richfield Company, and Alcan Aluminum Corporation, Movants,**

v.

**BOARD OF EDUCATION OF the RUS-SELLVILLE INDEPENDENT SCHOOLS and Board of Education of the Logan County Schools, Respondents.**

Nos. 87–SC–928–DG, 88–SC–115–DG.

Supreme Court of Kentucky.

Jan. 19, 1989.

Robert L. Chenoweth, Bryan, Fogle & Chenoweth, Frankfort, for School Districts.

Bruce F. Clark, Stites & Harbison, Frankfort, for Logan Aluminum, et al.

LEIBSON, Justice.

The substantive issue in this litigation involves a disagreement between the movants, Russellville Independent Schools and Logan County Schools (hereinafter the "School Districts") and the respondents, Logan Aluminum, Inc., Atlantic Richfield Company and Alcan Aluminum Corporation (hereinafter "Logan Aluminum")[1] regarding the correct computation of the so-called "energy exemption" to the utility gross receipts license tax imposed by the School Districts pursuant to KRS 160.613. The exemption is as follows:

"'[G]ross receipts' shall not include amounts received for furnishing energy or energy-producing fuels, used in the course of manufacturing, processing, mining, or refining to the extent that the cost of the energy or energy-producing fuels used exceeds three per cent (3%) of the cost of production, ..." KRS 160.-613(1).

Logan Aluminum sought to compute the energy exemption by combining the cost of utilities purchased from three different utility companies (Tennessee Valley Authority, Western Kentucky Gas and Pennyrile Rural Electric Cooperative), thus permitting an exemption based upon a total energy bill. The School Districts insisted payment to each different utility must be treated separately. The effect of separate treatment is to eliminate the desired exemption.

By letter dated April 14, 1986, the School Districts rejected Logan Aluminum's position and demanded full payment of the tax as computed by the School Districts plus a penalty calculated under KRS 160.648. Promptly Logan Aluminum sought to challenge the tax assessment in the Kentucky Board of Tax Appeals, seeking to litigate

this matter administratively pursuant to KRS 131.340(1), which provides:

"The Kentucky board of tax appeals is hereby vested with exclusive jurisdiction to hear and determine appeals from final rulings, orders and determinations of any agency of state or county government affecting revenue and taxation."

The Kentucky Board of Tax Appeals is "an administrative review agency" "created" pursuant to KRS 131.310 with its jurisdiction and procedure specified in KRS 131.310–131.370. The Board of Tax Appeals denied jurisdiction to decide this controversy, holding that this dispute regarding a tax imposed by local school districts "does not come within the purview of KRS 131.340(1)," that the School Districts were not an "agency of state government" as that term is used in describing the jurisdiction and function of the statutory Board of Tax Appeals.

Logan Aluminum has maintained throughout these proceedings that the Board of Tax Appeals erred in holding it had no jurisdiction over the subject matter of this controversy. It appealed the Order of the Kentucky Board of Tax Appeals to Franklin Circuit Court, which affirmed. However, on further appeal to the Kentucky Court of Appeals this decision was reversed. The Court of Appeals agreed with Logan Aluminum's position that the utility tax was a state tax as opposed to a local tax, and therefore the proper forum to decide this case is the administrative review agency created by KRS 131.310, the Kentucky Board of Tax Appeals. The Court of Appeals reasoned that *Lamar v. Board of Education of Hancock Co. Sch. Dist.*, Ky., 467 S.W.2d 143 (1971) mandates that "school districts are state agencies regardless of what geographical area they serve," that therefore the local school districts are state agencies imposing a state tax, and as such KRS 131.340(1) vests exclusive jurisdiction in the Kentucky Board of Tax Appeals to hear and determine this

1. Logan Aluminum, Inc., is a company owned 60% by Atlantic Richfield and 40% by Alcan Aluminum, created to manage and operate a large aluminum manufacturing facility in Logan County, Kentucky.

controversy as an appeal from the final decision of state agencies.

We disagree with the Court of Appeals' analysis and reverse.

At the outset it is important to note that no one questions whether Logan Aluminum has a right to litigate the method of tax computation utilized by the local school districts and its liability for the tax imposed. The School Districts agree that they do. The question is whether the Kentucky Board of Tax Appeals is the proper forum to litigate this question, or whether the appropriate challenge is a declaratory judgment action filed in local circuit court.

■ The Kentucky Constitution in § 183 requires that "[t]he General Assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the State." The School Districts concede that "every common school in the state, whether it be located in a populous city or in a sparsely settled rural district, is a state institution, protected, controlled, and regulated by the state." *City of Louisville v. Board of Education of City of Louisville*, 154 Ky. 316, 157 S.W. 379, 380 (1913). However, the School Districts maintain that the Kentucky Board of Tax Appeals is an administrative body created for a specified purpose and appeals to it must be considered in the context of the statutes creating it and structuring its function. We agree.

In reaching its decision the Court of Appeals relied primarily on the language in *Lamar v. Board of Education of Hancock Co. Sch. Dist., supra,* at 146, stating "that the fact that the state has appointed agencies such as fiscal courts, school trustees, and municipal bodies to aid it in the collection of taxes for the maintenance of these schools does not deprive them of their state character." It does not follow from this generality that the utility gross receipts license tax imposed by the School Districts must be challenged in the Kentucky Board of Tax Appeals rather than circuit court. This is an optional tax to be imposed and administered without reference to the administrative procedures for state revenue and taxation in KRS Chapters 131–143A.

At issue in *Lamar* was the constitutionality of the utility gross receipts license tax for schools, and not the process for challenging its administration. Its constitutionality was challenged on grounds that an optional tax initiated by local school districts violated the limitation in the Kentucky Constitution § 181 as an impermissible levy of an excise tax by a county where the constitution requires a levy by the General Assembly, "by general laws only." *Lamar* held that the tax qualifies as a "state tax," but only in the context that a tax for schools was being levied "for state purposes." The School Districts herein freely concede that the utility gross receipts license tax is levied for a state purpose. This point begs the question. The question here is not whether the tax is constitutional but simply whether the 178 local public common school districts in the Commonwealth as such are each an "agency of state" for purposes of the statutes establishing and implementing the Kentucky Board of Tax Appeals.

This administrative review agency finds a parallel in the Kentucky Board of Claims, established pursuant to KRS 44.070 *et seq.* "to compensate persons for damages sustained to either person or property as a proximate result of negligence on the part of the Commonwealth, any of its cabinets, departments, bureaus or agencies." The Board of Claims lacks authority to pay claims against various local entities such as a common school district simply because they meet the definition of a state agency in some other context. In *Gnau v. Louisville & Jefferson County Metropolitan Sewer Dist.,* Ky., 346 S.W.2d 754 (1961), our Court established the principle that, although a unit of local government created by authority of the General Assembly may fall generally within the term "state agency," it does not follow that it is a "state agency" within the context of an administrative law procedure created as a part of a specific statutory scheme. *Gnau* held that the Kentucky Board of Claims Act was intended to provide an administrative remedy for harm negligently inflicted by an agency of "central state govern-

ment" funded "out of the State Treasury," but not a local statutory entity even though the local entity might meet the definition of a state agency.[2]

The thrust of the argument on behalf of Logan Aluminum is that the "plain meaning" of the literal language in KRS 131.-340(1) when it refers to "agency of state . . . government," necessarily includes a local common school district. But the "plain meaning" rule is but a rule of construction, not a categorical imperative. It requires only that we "accord to words of a statute their literal meaning" if "to do so" would not "lead to an absurd or wholly unreasonable conclusion." *Bailey v. Reeves*, Ky., 662 S.W.2d 832, 834 (1984). Our mandate does not demand tunnel vision but reasoned analysis of the statutory scheme.

■ The Kentucky Board of Tax Appeals and KRS 131.340(1) are structured as part of the Chapter of statutes organizing the Department of Revenue. It provides for an administrative appeal from decisions regarding "revenue and taxation" of agencies serviced by the Department of Revenue. It is part of Title XI, "Revenue and Taxation," covered in Chapters 131–143A, which collectively deals with taxes imposed by the central state government and administered by the Department of Revenue. Taxes imposed solely by local entities, be they city, county or special district, are dealt with elsewhere. We conclude that the General Assembly intended the Kentucky Board of Tax Appeals to have jurisdiction only over issues involving revenue and taxation matters to be addressed by an administrative arm of central state government. By this we mean the administration of taxes such as the state ad valorem tax, the income tax, the corporations' license tax, the sales and use tax, and selective excise taxes. These are the subject matter of KRS Chapter 131–143A, codified as "Title XI: Revenue and Taxation."

A major sub-issue in the present case is generated by the fact that Logan Aluminum falls under the definition of a "tax-payer," technically and literally, only as to a portion of the utility gross receipts license tax for which it is responsible. Logan Aluminum acquires much of its electric from Tennessee Valley Authority, and pays the tax on this portion of the energy which it acquires directly to the school district. But a substantial portion of the tax on the energy acquired, essential to its theory of cumulated computation for purposes of the energy exemption, is not paid directly to the taxing authority but remitted along with its regular utility bills to Western Kentucky Gas and Pennyrile Rural Electric Cooperative, who then pay the tax.

The problem is does Logan Aluminum lack standing to seek relief in the Board of Tax Appeals as to those portions of the tax as to which it is not technically the "taxpayer"? "Taxpayer" is defined elsewhere in KRS Chapter 131 as meaning "any person made liable by law to file a return or pay a tax." KRS 131.010(4). As stated in *Fitzpatrick v. Patrick*, Ky. 410 S.W.2d 143, 145 (1966):

"In the first place, KRS 131.340(2), governing appeals to the Board of Tax Appeals, authorizes appeals only by a 'party.' Obviously, this means persons or agencies who are formally recognized participants in the proceeding before the Department of Revenue, not merely unhappy people."

■ As we held in *Fitzpatrick*, in *Dolan v. Land*, Ky., 667 S.W.2d 684 (1984), and more recently in *Griggs v. Dolan*, Ky., 759 S.W.2d 593 (1988), the proper remedy for persons who believe they are aggrieved by an administrative decision about revenue and taxation but who lack standing before the Board of Tax Appeals because they are not "formally recognized participants in the proceeding," is to seek declarative and injunctive relief in the local circuit court.

The facts here are that as a general rule with this tax the utility, not the customer, is technically the taxpayer. The utility gross receipts license tax for schools is paid by the utility furnishing the energy or

---

**2.** The respondent questions the authority of *Gnau* as precedent on the subject of sovereign immunity in light of our subsequent decision in *Louisville & Jefferson County Met. Sew. Dist. v. Kirk*, Ky., 390 S.W.2d 182 (1965). But so much of the holding as is critical to the present case, that the Board of Claims Act does not extend to a local government entity although it might otherwise qualify as a "state agency," has never been questioned.

energy-producing fuels and not by the user or consumer unless the utility is a "supplier who is exempt by either state or federal law" from direct collection of such a tax.

KRS 160.617 provides that the utility, which is the taxpayer except where state or federal law dictates otherwise, "may increase its rates" to the consumer in order to recoup the amount of the tax, and in so doing "shall separately state on the bills sent to its customers the amount of such increase and shall identify such amount as: '[r]ate increase for school tax.' "

In *Luckett v. Electric & Water Plant Bd.*, Ky., 558 S.W.2d 611, 613 (1977), we stated:

> "The fact that KRS 160.617 permits the utility company to raise its rates to alleviate the burden on the utility company does not convert the tax into one levied upon the customers in which the utility company merely acts as collection agent."

The Court of Appeals' Opinion in the present case recognizes, albeit reluctantly, that the holding in *Luckett* is "that a consumer who pays the utility tax along with its bill is not in fact a taxpayer." This caused the Court of Appeals to reason that although the Board of Tax Appeals was the proper place for Logan Aluminum to take its complaint regarding the portion of the tax which it paid directly to the school districts, the tax for electrical energy from T.V.A., nevertheless it had no standing in the Board of Tax Appeals to seek relief as to sums paid Western Kentucky Gas and Pennyrile Rural Electric Cooperative.

The Court of Appeals' Opinion acknowledges that this is an impractical and unworkable result but suggests that the blame for this falls on *"Luckett, supra*, a per curiam opinion that defies logic," rather than the inherent inconsistency in its Opinion.

Logan Aluminum, confronted by this unworkable dilemma, filed a cross motion for appeal in our court challenging that portion of the decision of the Court of Appeals holding that it lacked standing in the Kentucky Board of Tax Appeals to question those taxes where the utilities furnishing the energy were in fact the taxpayers and

Logan Aluminum was simply a customer with a line item increase in its utility bills. We have considered Logan Aluminum's cross motion for discretionary review along with the primary issue, but our decision that circuit court is the proper forum to litigate this complaint rather than the Board of Tax Appeals renders moot the problem of lack of standing in the Board of Tax Appeals.

It is conceded that Logan Aluminum has standing to litigate the method in which the energy exemption should be computed as to energy purchased from Western Kentucky Gas and Pennyrile Rural Electric Cooperative as well as from T.V.A. in an appropriate action filed in Logan Circuit Court. Counsel for the School Districts stated in oral argument in support of Logan Circuit Court as the proper forum:

> "There isn't any loss of a right.... We look forward to having established the manner in which the cost of energy exemption is to be calculated. It is important to local school districts in the Commonwealth, not just the two that I represent here today. It is an issue that needs to be decided for any of the districts that levy that tax."

Logan Aluminum's counsel stated that it preferred the Board of Tax Appeals because it has more "expertise" to decide the issue, arguing that it has decided a similar issue involving "the energy exemption of the state sales tax." We see no reason why circuit court cannot consider this matter just as well as the Board of Tax Appeals, including the parallels, if any, to an administration of similar language in other tax statutes. The avenue of appeal from an incorrect ruling is equally viable whichever route the litigation takes.

The School Districts took the substantive position that no aggregation was allowed, and furthermore took the procedural position that tax payments, once made to the districts, could not be refunded. These are issues which can be challenged by Logan Aluminum as an aggrieved party in Logan Circuit Court with no problem of being foreclosed because technically it is not a "taxpayer" as may be required for the administrative procedures outlined in KRS Chapter 131.

The Department of Education, but not the common school district, is listed as a state administrative agency in KRS Chapter 12 which lists the executive component parts of the Commonwealth. The composition of the Department of Education is set out in KRS 156.010 and does not include local public common school boards or districts. The Department of Education is a state administrative agency, but it is not involved in the assessment and collection of this tax, or of any taxes.

An examination of the entire statutory structure as enacted by the General Assembly to provide a state system for common schools, plus an examination of the structure provided to administer state revenue and taxation, compels the conclusion that the present tax, initiated locally and optionally and then assessed and collected without application to the state revenue and taxation system, is not within the jurisdiction of the Kentucky Board of Tax Appeals. We recognize that the codification of statutes is not critical in deciding their meaning. Nevertheless, the overall statutory structure is of compelling persuasion in construing the statutes that we are now called upon to apply. The present issue consists only of a question of administrative procedure. We must assume that the legislature intended to create a workable procedure and construe the statutes involved to provide one rather than acceding to a hypertechnical, literal interpretation that would lead to a wholly unreasonable conclusion.

The decision of the Court of Appeals is reversed. The judgment of Franklin Circuit Court affirming the Kentucky Board of Tax Appeals' Order of June 13, 1986, is affirmed.

STEPHENS, C.J., and COMBS, GANT, LAMBERT and WINTERSHEIMER, JJ., concur.

VANCE, J., concurs in results only.