911 F.2d 732
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Homer FLETCHER ex rel. VICTORY BAPTIST CHURCH as Trustee for
the Lord Jesus Christ, Plaintiff-Appellant,
v.
CITY OF PADUCAH ex rel. PADUCAH POWER SYSTEMS, McCracken
County Board of Education, City of Paducah, ex rel. Paducah
Water Works, Western Kentucky Gas Co., d/b/a Texas American
Energy Corp., South Central Bell Telephone, Defendants-Appellees.
 No. 89-6569.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1990.
 
 Before MILBURN and RALPH B. GUY, Circuit Judges, and JORDAN, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff, Reverend Homer Fletcher, appeals the dismissal of his first amendment challenge to the collection of Kentucky's Utility Gross Receipts Licence Tax, Ky.Rev.Stat. Sec. 160.613, against the Victory Baptist Church. Finding no error in the district court's dismissal of the case on the grounds of res judicata, we affirm.
 
 
 2
 The licence tax at issue authorizes local school boards to impose a levy of three percent on the gross receipts of certain utility companies and permits the utilities to raise their rates to the level necessary to recover the amount of the levy from their customers. In 1986, Reverend Fletcher, the pastor of the Victory Baptist Church in Paducah, Kentucky, filed suit in the United States District Court for the Western District of Kentucky seeking an injunction against the collection of the utility tax against the church. Fletcher argued that the effect of the statute was to impose a tax on the church in violation of the First Amendment to the United States Constitution. Named as defendants in the action were the McCracken County Board of Education and four utilities serving the church.
 
 
 3
 Defendant Electric Plant Board of the City of Paducah moved to dismiss the complaint on the grounds that the Tax Injunction Act, 28 U.S.C. Sec. 1341, deprived the federal courts of jurisdiction over any action to enjoin the collection of the tax because adequate remedies existed in the Kentucky courts.[1] In response, Fletcher argued that the levy on the utilities was not a tax within the meaning of the Act. In February of 1987, the district court dismissed the action "with prejudice" providing the following explanation:
 
 
 4
 It is unnecessary to decide if the utility rate increase is or is not a tax upon consumers.... If it is not a tax, as the Church now urges, the Church's claims fail, since its cause of action is premised upon the imposition of an unconstitutional tax. If it is a tax, the Tax Injunction Act clearly applies. In either case, there are no material factual disputes, and the defendants are entitled to judgment as a matter of law.
 
 
 5
 Fletcher ex rel. Victory Baptist Church v. City of Paducah Power Sys., No. 86-0469, slip op. at 3 (W.D.Ky. Feb. 11, 1987).
 
 
 6
 Fletcher did not appeal the dismissal. Instead, he filed a complaint in the McCracken Circuit Court of the Commonwealth of Kentucky, naming the same defendants and requesting identical relief. On January 20, 1988, the circuit court dismissed the action for failure to state a claim upon which relief could be granted. Fletcher ex rel. Victory Baptist Church v. City of Paducah Power Sys., No. 87-CI-255 (McCracken Cir.Ct. Jan. 20, 1988). The court relied upon the decision of the Kentucky Supreme Court in Luckett v. Electric and Water Plant Bd. of the City of Frankfort, 558 S.W.2d 611 (1977), which held that the gross receipts tax was a levy upon utilities and did not constitute a tax upon its customers. The circuit court's decision was upheld by the Kentucky Court of Appeals, Fletcher ex rel. Victory Baptist Church v. City of Paducah Power Sys., No. 88-CA-320-MR (Ky.Ct.App. Dec. 29, 1988), and the Kentucky Supreme Court denied Fletcher's appeal for discretionary review. Plaintiff did not seek a writ of certiorari from the United States Supreme Court.
 
 
 7
 In August of 1989, plaintiff filed the complaint in the instant action in the United States District Court for the Western District of Kentucky. In substance, the complaint is identical to the one filed in the same court in 1986. The district court found that the plaintiff had not overcome the jurisdictional problem posed by the Tax Injunction Act, and that its prior decision therefore precluded further litigation of his claims according to the doctrine of res judicata.
 
 
 8
 The plaintiff advances only two arguments in support of his contention that res judicata does not preclude the court from considering the merits of his claim. First, he maintains that the doctrine does not apply here because the district court lacked jurisdiction to render a valid decision in 1987; and second, he asserts that there is no privity between the plaintiff in this action and the plaintiff in the earlier federal court action. Both contentions are wholly without merit.
 
 
 9
 As is apparent from the language excerpted above, the court based its 1987 decision on the ground that if the complaint before it stated a claim upon which relief could be granted at all, it was without jurisdiction to hear the dispute because of the Tax Injunction Act. The plaintiff maintains that because the court had no jurisdiction over the claim, its dismissal has no preclusive effect. No support has been offered for this proposition and it is contrary to precedent. It is well-settled law that dismissal of a suit for lack of subject matter jurisdiction "precludes relitigation of the same issue of subject matter jurisdiction in a second federal suit on the same claim." Oglala Sioux Tribe v. Homestake Mining Co., 722 F.2d 1407, 1411 (1983) (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure, Sec. 4402 at 11). As the Supreme Court explained in Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee:
 
 
 10
 A party that has had an opportunity to litigate the question of subject matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations--both subject matter and personal.
 
 
 11
 456 U.S. 694, 702, n. 9 (1982) (citing Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371 (1940); Stoll v. Gottlieb, 305 U.S. 165 (1938)). See also Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guaranty Ass'n, 455 U.S. 691, 706 (1982).
 
 
 12
 Plaintiff's assertion that he was not a party to the previous action is based entirely upon the fact that he has placed the words "as Trustee for the Lord Jesus Christ" following his name on the caption of his second complaint. There can be no doubt, however, that Reverend Fletcher, acting on behalf of the Victory Baptist Church, was the real party in interest in both actions. The doctrine of res judicata may not be escaped by a mere pleading device.
 
 
 13
 Having availed himself of a full and fair opportunity to litigate the issue of the district court's subject matter jurisdiction over this suit, Fletcher is precluded from raising the issue again. We see no overriding public policy counseling against the application of res judicata, nor can it be said to result in manifest injustice, see Harrington v. Vandalia-Butler Bd. of Educ., 649 F.2d 434, 439 (6th Cir.1981), given the fact that plaintiff has had the opportunity to litigate the constitutionality of the utility levy in the courts of Kentucky with review by writ of certiorari in the United States Supreme Court.
 
 
 14
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Leon Jordan, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The Act Tax Injunction provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The district court concluded that there was such a "plain, speedy and efficient remedy in the courts of the Commonwealth of Kentucky available to the plaintiff." Fletcher ex rel. Victory Baptist Church v. City of Paducah Power Sys., No. 86-0469, slip op. at 14 (W.D.Ky. Feb. 11, 1987)